IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 13-CV-62758

EDWARD BUCKALEW, as Executor of the Estate of
JEFFREY BUCKALEW, Deceased, CORRINE
BUCKAWLEW, Deceased, JACKSON BUCKALEW,
Deceased, and MERIWEATHER BUCKALEW,
Deceased,

        Plaintiffs,

vs.

COLUMBIA AIRCRAFT SALES, INC., SOCATA
NORTH AMERICA, INC., SOCATA, S.A.S., and
DAHER AEROSPACE, S.A.S.,

        Defendants.
_____/
COLUMBIA AIRCRAFT SALES, INC., SOCATA
NORTH AMERICA, INC., SOCATA, S.A.S.,

        Counterclaim Plaintiffs,

vs.

EDWARD BUCKALEW, as Executor of the Estate of
JEFFREY BUCKALEW, Deceased,

        Counterclaim Defendant.
_____/
COLUMBIA AIRCRAFT SALES, INC., SOCATA
NORTH AMERICA, INC., SOCATA, S.A.S.,

        Third-Party Plaintiffs,

vs.

UNITED STATES OF AMERICA,

        Third-Party Defendant.
_____/

990095v.1

Case No.: 13-CV-62758

# COUNTERCLAIM DEFENDANT EDWARD BUCKALEW'S, AS EXECUTOR OF THE ESTATE OF JEFFREY BUCKALEW, MOTION TO DISMISS COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. Rule 12(b)(6), and Local Rule 7.1 of the Southern District of Florida, the Counterclaim Defendant Edward Buckalew, as Executor of the Estate of Jeffrey Buckalew (the "Estate"), moves to dismiss the Counterclaims filed by the Counterclaim Plaintiffs, Socata S.A.S., and Socata North America, respectively (the "Counterclaim Plaintiffs") [D.E. 34 and D.E. 35], and in support states as follows:

## Background

1.  On December 19, 2013, Edward Buckalew, as Executor of the Estate of Jeffrey Buckalew and each of the respective decedents, through separate counsel, filed this action arising from the wrongful death of the decedents, Jeffrey Buckalew, Corrine Buckalew, Jackson Buckalew and Merriweather Buckalew, who were tragically killed onboard a Socata TBM 700 aircraft on December 20, 2011, near Morristown, New Jersey. [D.E. 1].

2.  The Counterclaim Plaintiffs filed their Amended Answer and Affirmative Defenses and Counterclaim on May 12, 2014, alleging two counts against the Estate for Indemnity and Contribution. [D.E. 34 and D.E. 35].

3.  The undersigned counsel has been retained to specifically defend the Estate against the Counterclaims brought by the Counterclaim Plaintiffs.

4.  Dismissal of the Counterclaims is warranted since neither the claims for equitable indemnification, nor the claim for contribution, successfully state a cause of action under Florida law.

Case No.: 13-CV-62758

## MEMORANDUM OF LAW

### A. Standard on Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) sets forth the standard for stating a cause of action in a complaint, and specifically, that a Plaintiff need only offer a "short and plain statement of the claim" demonstrating it is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2); *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, in order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain "sufficient factual matter, [that if] accepted as true, [would] 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In conjunction with the foregoing, a motion to dismiss cannot be converted to a summary judgment motion for the purposes of dismissing a complaint, and no matters outside the pleadings may be considered. *Allstate Ins. Co. v. Fed. Sav. Bank*, 2012 U.S. Dist. LEXIS 100186 at *6 (S.D. Fla. July 19, 2012) (emphasis added) citing to Twombly, 550 U.S. at 556. *See also Cabrera v. 27 of Miami Corp.*, 2009 U.S. Dist. LEXIS 64278 at *8-9 (S.D. Fla. July 13, 2009).

### B. Contribution

In the instant matter, the Counterclaim Plaintiffs are attempting to assert a contribution claim against the Estate. However, Florida no longer recognizes contribution claims, and therefore the claim for contribution should be dismissed.

Under the Uniform Contribution Among Tortfeasors Act, "when two or more persons become jointly or severally liable in tort for the same injury to person or property, there is a right of contribution among them." *T & S Enters. Handicap Accessibility v. Wink Indus. Maintenance & Repair*, 11 So. 3d 411 (Fla. 2nd DCA 2009); *See also* § 768.81, Fla. Stat. The "essence" of a contribution claim "is common liability to the injured person, not liability for common negligence, or similar negligence, or like negligence." *Wallace v. Strassel*, 479 So. 2d 231, 233,

Case 0:13-cv-62758-WPD   Document 56   Entered on FLSD Docket 06/19/2014   Page 4 of 9

Case No.: 13-CV-62758

235 (Fla. 4th DCA 1985). Common liability means that "each party, by reason of his wrongful act, is made legally liable to respond in damages to the injured party." *Id*. Therefore, a "claim for contribution is only available to joint tort-feasors." *Dade County Sch. Bd. v. Radio Station Wqba*, 731 So. 2d 638, 642 (Fla. 1999). "To state a claim for contribution, the claimant must allege a common liability to the injured party". *Horowitz v. Laske*, 855 So. 2d at 174. The party seeking contribution must plead and prove their own negligence and the negligence of the other tortfeasor. *Ins. Co. of N. Am. v. Quality Commer. Group*, 687 So. 2d 960, 962 (Fla. 5th DCA 1997).

However, the Contribution Act was passed prior to the enactment of Florida Statute § 768.81, which requires that a court "enter judgment against each party liable on the basis of such party's percentage of fault 'and not on the basis of the doctrine of joint and several liability.'" *Wink*, 11 So.3d at 412. Through enactment of Florida Statute § 768.81, the Florida legislature abrogated joint and several liability.

As stated in *Wink*, in light of Florida's statutory abolition of joint and several liability in 2006, a trial court can only enter judgment on the basis of a party's percentage of fault. *T & S Enters. Handicap Accessibility v. Wink Indus. Maintenance & Repair*, 11 So. 3d 411 (Fla. 2nd DCA 2009). Thus, if a party will no longer be liable for more than its own percentage of fault, it will never be required to pay for more than its pro rata share of damages established by a plaintiff. As such, contribution claims can no longer be brought, since contribution exists only when a party has paid more than its share of a common liability. *Id*. Simply stated, contribution claims have been all but eliminated as a result of the enactment of the 2006 Comparative Fault Statute, absent very limited circumstances not applicable here. Without joint and several

4

990095v.1

liability, there can be no possible scenario in the case at hand whereby the Counterclaim Plaintiffs would be made to pay more than their *pro rata* share of fault.

Whatever the jury assigns as fault to the Counterclaim Plaintiffs, and any other party on the verdict form, establishes precise liability as to those parties. Neither can obtain contribution from the other, as neither can be made to pay more than their maximum share of fault. This concept was explained and followed in *Wink* in dismissing contribution claims, as well as in multiple other similar cases. *See,* e.*g., Mendez-Garcia v. Galaxie Corp.*, 8:10-cs-788.2011 WL 5358658, *4 (m.d. Fla. 2011); *Zazula v. Kimpton Hotels & Restaurants, LLC*, 10-21381-CIV-, 2011 WL 1657872, *2 (S.D. Fla. 2011); *Zurich Am. Ins. Co. v. Hi-Mar Speciality Chemicals, LLC*, 08-80255-CIV, 2010 WL 298392, *4 (S.D. Fla. 2010).  All of these cases are part of a body of law in that as in *Wink* establishes that contribution actions in Florida are now obsolete.

In the instant matter, Counterclaim Plaintiffs have failed to allege any legal basis or cognizable cause of action to support a contribution claim, and ass such, the claim for contribution should be dismissed.

**C. Equitable Indemnification**

The right to indemnity arises through express or implied contract.  *Horowitz v. Laske*, 855 So. 2d 169, 174 (Fla. 5th DCA 2003); *City of Clearwater v. L.M. Duncan & Sons, Inc.*, 466 So. 2d 1116, 1118 (Fla. 2d DCA 1985).  Indemnification also arises when there is a special relationship between the parties that "gives rise to the technical liability of the would-be indemnitee." *Horowitz v. Laske*, 855 So. 2d at 174; *Dade County Sch. Bd. v. Radio Station Wqba*, 731 So. 2d 638, 642 (Fla. 1999) (holding that for a party to prevail on a claim of common law indemnity, the party must satisfy a two-prong test: first, the party seeking indemnification must be without fault, and second its liability must be vicarious and solely for the wrong of

5

another).""  In this matter, there is no applicable express or implied contract that would establish a basis to argue that the Counterclaim Plaintiffs are entitled to indemnity.

Additionally, there must be a special relationship between the parties in order for common law indemnification to exist.  *See, e.g., Houdaille Industries, Inc. v. Edwards*, 374 So. 2d 490 (Fla. 1979) (holding that "the allowance of indemnity is premised upon a special relationship between the primary defendant and the third-party defendant").  The Counterclaim Plaintiffs have failed to plead any ultimate facts alleging that a special relationship existed between the Counterclaim Plaintiffs and the Estate.  Under Florida law, the absence of an allegation of a special relationship further compels dismissal of the claim for indemnity contained in the Counterclaim.  *Id.*

In the instant matter, the Counterclaim does not allege a basis for vicarious liability.  This is not a scenario in which is a seller is seeking indemnification up the chain of sale from a manufacturer in a strict product liability action.  Under Florida law, the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another.  *Dade County Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638 (Fla. 1999).  The Counterclaim Plaintiffs have failed to meet this standard.  Similarly, the Counterclaim Plaintiffs failed to allege that a contract existed with the Estate, to which indemnification may arise.  It is unclear how the Counterclaim Plaintiffs contend that they could be found vicariously liable for the Estate's alleged negligent acts – a required element for common law indemnity.  Accordingly, the claim for indemnity made by the Counterclaim Plaintiffs should be dismissed.

WHEREFORE, the Counterclaim Defendant, Edward Buckalew, as Executor of the Estate of Jeffrey Buckalew, respectfully requests this Honorable Court to enter an order dismissing the Counterclaims, and for other relief it deems fit.

Case No.: 13-CV-62758

## CERTIFICATE OF GOOD FAITH CONFERENCE

I certify that I have conferred in a good faith effort to resolve the issues raised in this motion with counsel for Plaintiff and have been unable to resolve this matter without assistance of this Court.

Respectfully Submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
3800 Miami Tower
100 Southeast Second Street
Miami, Florida 33131
(305) 374-4400 Telephone
(305) 579-0261 Facsimile


By: */s/ Anthony P. Strasius*
ANTHONY P. STRASIUS
Florida Bar No. 988715
anthony.strasius@wilsonelser.com
GABRIEL Z. COELHO
Florida Bar. No.: 047685
gabriel.coelho@wilsonelser.com
*Attorneys for Counterclaim Defendant Edward Buckalew, as Executor of the Estate of Jeffrey Buckalew*

990095v.1

Case No.: **13-CV-62758**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **19**[th] day of **June, 2014**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties as identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Noticed Electronic Filing.

## SERVICE LIST

**Glen H. Waldman**
Heller Waldman, P.L.
3250 Mary Street
Suite 102
Coconut Grove, FL 33133
Tel: 305-448-4144
Fax: 305-448-4155
Email: gwaldman@hellerwaldman.com
*Counsel for Plaintiff*

**Richard E. Genter**
Law Office of Richard E. Genter
610 Old York Road
Suite 200
Jenkintown, PA 19046
Tel: 215-884-8190
Email: richard@genterlaw.com
*Co-Counsel for Plaintiff*

**Kevin Monroe Vannatta**
Lewis Brisbois Bisgaard & Smith
200 S.W. 1st Avenue
Suite 910
Fort Lauderdale, FL 33301
Tel: 954-728-1280
Fax: 954-728-1282
Email: vannatta@lbbslaw.com
*Counsel for Columbia Aircraft Sales, Inc.*

**Christopher John Jahr**
Wicker Smith O'Hara McCoy & Ford, P.A.
515 East Las Olas Blvd, Suite 1400
PO Box 14460
Fort Lauderdale, FL 33302
Tel: 954-847-4800
Email: cjahr@wickersmith.com
*Counsel for Socata North America, Inc. and Socata, S.A.S.*

990095v.1

**Case No.: 13-CV-62758**

**Robert Chanderline Bauroth**
Wicker Smith Tutan O'Hara McCoy Graham & Ford
515 E Las Olas Boulevard
Suite 1400 Suntrust Bank
Fort Lauderdale, FL 33301
Tel: 954-467-6405
Fax: 954-760-9353
Email: rbauroth@wickersmith.com
*Counsel for Socata North America, Inc. and Socata, S.A.S.*

          By: */s/ Anthony P. Strasius*
              ANTHONY P. STRASIUS

990095v.1