## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

EDWARD BUCKALEW, as Executor of
the Estate of JEFFREY BUCKALEW,
Deceased,
        and
EDWARD BUCKALEW, as Executor of
the Estate of CORINNE BUCKALEW,
Deceased
        and
EDWARD BUCKALEW, as Executor of
the Estate of JACKSON BUCKALEW,
Deceased
        and
EDWARD BUCKALEW, as Executor of
the Estate of MERIWETHER
BUCKALEW, Deceased,

                Plaintiffs,

     v.

COLUMBIA AIRCRAFT SALES, INC.,
        and
SOCATA NORTH AMERICA, INC.,
        and
SOCATA, S.A.S.,
        and
DAHER AEROSPACE, S.A.S.,

                Defendants.

Civil Action No. 13-CV-62758-WPD

### UNITED STATES' MOTION TO DISMISS THIRD PARTY COMPLAINTS AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure,

the equitable indemnification and contribution claims comprising the Third Party

Complaints of Defendants Socata North America and Socata, S.A.S. (Doc. 23) and

Defendant Columbia Aircraft Sales, Inc. (Doc. 36) should be dismissed because the Court lacks subject matter jurisdiction over claims arising from a Connecticut state court action and – to the extent Florida law governs – equitable indemnification and contribution are no longer cognizable under Florida law.

## BACKGROUND

On December 11, 2011, a single engine Socata TBM 700 turboprop crashed near Morristown, New Jersey.  All five occupants – the pilot Jeffery Buckalew, his wife Corinne Buckalew, their two children Jackson and Meriwether Buckalew, and passenger Rakesh Chawla – perished.  The Buckalew decedents' estates filed suit against Defendants in Connecticut Superior Court on December 18, 2013, alleging defective design (among others) and the next day filed a nearly identical suit against the same Defendants in this Court.  Defendants Socata and Columbia then lodged third party complaints against the United States in this Court seeking contribution and equitable indemnification for any adverse judgment in this action or the Connecticut state court action.  In lieu of answering, the United States now moves to dismiss the third party complaints.

## ARGUMENT

### I.    This Court Lacks Subject Matter Jurisdiction Over Contribution and Equitable Indemnity Claims Arising From the Connecticut State Court Action

The United States cannot be sued for contribution or equitable indemnity in Connecticut state court.  It is well established that "'the United States, as a sovereign, is immune from suit save as it consents to be sued.'" *United States v. Mitchell*, 445 U.S.

535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  A court

has jurisdiction over the United States only under those circumstances where sovereign

immunity has been expressly waived.  *McMahon v. United States*, 342 U.S. 25, 27

(1951).  Waiver cannot be implied and must be unequivocally expressed.  *Lane v. Pena*,

518 U.S. 187, 192 (1996).  Impleading the United States for contribution or indemnity

(equitable or otherwise) is proper only in federal district court under the Federal Torts

Claim Act. 28 U.S.C. § 1346(b)(1); *see, e.g., McRory v. Hobart Bros. Co.*, 732 F.2d

1533, 1535 (11th Cir. 1984) (dismissing third-party claim against United States filed in

state court for lack of subject matter jurisdiction); *Gionfriddo v. Salaf*, 343 F. Supp. 2d

109, 111 (D. Conn. 2004) (same).  This means Defendants are prohibited from

impleading the United States in Connecticut state court – or any other state court –

because the United States has not consented to suit in those courts.

Defendants cannot circumvent this jurisdictional prohibition by referencing in

their third party complaints a separate and distinct Connecticut state court action. (Doc.

23 at ¶¶ 39, 43 ("in this or the related Connecticut state-court action . . . ."); Doc. 36 at ¶¶

39, 43 (same)).  The United States does not dispute that Defendants may properly use

Rule 14(a) to bring a third party action against the United States arising from Plaintiffs'

complaint in this Court.  (Doc. 1).  In seeking relief arising from the allegations in the

Connecticut state court, however, Defendants attempt to accomplish indirectly what they

cannot accomplish directly.[1]  Permitting such allegations would effectively allow

---

[1] Plaintiffs' complaint in the state-court action is attached to Defendants' third party complaints.  (Doc. 23-2; Doc. 36-2.)

Defendants to implead the United States as third party defendants in the Connecticut state court without a waiver of sovereign immunity.  *Cf. Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999) ("sovereign immunity bars suit against the United States except to the extent that it consents to be sued."); Fed. R. Civ. P. 82 (stating Rule 14(a) among others cannot "extend or limit the jurisdiction of the district courts . . . .").

Congress conditioned the waiver of sovereign immunity on the requirement that a federal court without a jury determine the liability of the United States.  28 U.S.C. § 1346(b)(1).  Those portions of Defendants' third party complaints seeking contribution and indemnity for any adverse finding from the Connecticut state court action purports to bind the United States to a judgment over which the Connecticut state court lacks jurisdiction.  Such a result is impermissible and explicitly contradictory to the United States' waiver sovereign immunity under the Federal Tort Claims Act.  *See City of Pittsburgh v. United States,* 359 F.2d 564, 568-69 (3d Cir. 1966) (holding that the United States cannot be bound by the judgment of a state court).  Consequently, the portions of the third party complaints that seek relief from the Connecticut state court action should be dismissed.

## II.     Defendants Fail to State a Claim for Contribution and Equitable Indemnification Under Florida Law

The United States respectfully submits that a choice-of-law determination at this juncture is premature.  Nevertheless, if the determination is made that Florida law governs, the United States moves to dismiss the third party complaints for the reasons

stated in the motion to dismiss (Doc. 56) filed by Plaintiffs/Counterclaim Defendants

Buckalew.

## CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss should be granted

in whole or in part.


Dated: July 11, 2014                          Respectfully submitted,

                                              Stuart F. Delery
                                              Assistant Attorney General

                                              Wifredo A. Ferrer
                                              United States Attorney


                                              /s/ Debra D. Fowler
                                              Debra D. Fowler
                                              Senior Aviation Counsel
                                              Eric S. Johnson
                                              Trial Attorney
                                              Civil Division, Torts Branch
                                              Aviation & Admiralty Litigation
                                              PO Box 14271
                                              Washington, DC 20044-4271
                                              Tel: (202) 616-4025/54
                                              Fax: (202) 616-4002
                                              Debra.Fowler@usdoj.gov
                                              Eric.Johnson5@usdoj.gov

                                              Attorneys for United States

## CERTIFICATE OF SERVICE

I certify that on July 11, 2014, the foregoing was filed using the Court's CM/ECF system that will send electronic notification of the filing to counsel of record.

/s/ Debra D. Fowler
Attorney for United States