IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 13-CV-62758

EDWARD BUCKALEW, as Executor of the Estate of
JEFFREY BUCKALEW, Deceased, CORRINE
BUCKAWLEW, Deceased, JACKSON BUCKALEW,
Deceased, and MERIWEATHER BUCKALEW,
Deceased,

       Plaintiffs,

vs.

COLUMBIA AIRCRAFT SALES, INC., SOCATA
NORTH AMERICA, INC., SOCATA, S.A.S., and
DAHER AEROSPACE, S.A.S.,

       Defendants.
_____/
COLUMBIA AIRCRAFT SALES, INC., SOCATA
NORTH AMERICA, INC., SOCATA, S.A.S.,

       Counterclaim Plaintiffs,

vs.

EDWARD BUCKALEW, as Executor of the Estate of
JEFFREY BUCKALEW, Deceased,

       Counterclaim Defendant.
_____/
COLUMBIA AIRCRAFT SALES, INC., SOCATA
NORTH AMERICA, INC., SOCATA, S.A.S.,

       Third-Party Plaintiffs,

vs.

UNITED STATES OF AMERICA,

       Third-Party Defendant.
_____/

993768v.1

Case No.: 13-CV-62758

**<u>COUNTERCLAIM DEFENDANT EDWARD BUCKALEW'S,
AS EXECUTOR OF THE ESTATE OF JEFFREY BUCKALEW, REPLY
TO SOCATA DEFENDANTS' RESPONSE IN OPPOSITION TO
BUCKALEW'S MOTION TO DISMISS COUNTERCLAIMS</u>**

Pursuant to Fed. R. Civ. P. Rule 12(b)(6), and Local Rule 7.1 of the Southern District of Florida, the Counterclaim Defendant Edward Buckalew, as Executor of the Estate of Jeffrey Buckalew (the "Estate"), files its Reply to the Socata Defendants ("Counterclaim Plaintiffs") Response in Opposition to Buckalew's Motion to Dismiss Counterclaim [D.E. 63], and in support states as follows:

**<u>INTRODUCTION</u>**

1. On or about December 19, 2013, the Buckalew Estate filed the present action against the Counterclaim Plaintiffs in the Southern District of Florida. [D.E. 1]. The Complaint states that the action was brought as a "second action", based on anticipated challenges to jurisdiction and/or venue in the first filed Connecticut action.

2. In an effort to minimize the litigation in this matter, the Buckalew Estate moved to stay the present matter, pending the resolution of potential jurisdictional issues in the first filed Connecticut action. However, the Counterclaim Plaintiffs opposed a stay in the present matter, and served their Response in Opposition to the Renewed Motion to Stay Action. [D.E. 38].

3. The Counterclaim Plaintiffs further filed their Amended Answer and Affirmative Defenses and Counterclaim on May 12, 2014, alleging two counts against the Estate for Indemnity and Contribution. [D.E. 34 and D.E. 35].

4. The Counterclaim specifically states that Florida law should apply to the present action, in paragraph 21 of the Counterclaim, stating "[Counterclaim Plaintiff] believes and will contend that the law of the State of Florida should govern the issue of whether it is subjected to joint liability and the application of comparative fault principles in both of the Actions". The

2

993768v.1

Counterclaim goes on to state that choice of law issues have not yet been developed, however, the Counterclaim does not assert any other choice of law determinations.

5. At this time, there is no basis to conclude that any law other than Florida law applies to the Counterclaim Plaintiffs' claims against the Estate as Counterclaim Defendants.

6. Under Florida law, the Counterclaim Plaintiffs' allegations for indemnity and contribution must be dismissed.

## ARGUMENT

### 1. Standard

In deciding a motion to dismiss, the Court's analysis is limited to the four corners of the plaintiff's complaint and the attached exhibits. *Grossman v. Nationsbank*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Caravello v. American Airlines, Inc.*, 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004). The Court may consider a document that is "(1) central to the [claimant's] claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). In this context, "undisputed" means that the claimant does not challenge the authenticity of the document. *Id*; *Sherwin-Williams Co. v. Auto Body Tech, Inc.*, 2014 U.S. Dist. LEXIS 71514, 4-5 (S.D. Fla. May 26, 2014). A complaint may be dismissed pursuant to Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir.1997).

### 2. The Florida Counterclaims are subject to Florida law.

Here, the Counterclaim Plaintiffs consistently and impermissibly reference e-mails and communications exchanged by the parties in an effort to confuse jurisdictional issues that are irrelevant to the present determination. In fact, the Counterclaim Plaintiffs have not offered a

basis of law in opposition to the arguments raised by the Motion to Dismiss, but cloud the issue by citing to communications between Buckalew's prosecuting counsel, which refused to stipulate to a global choice of law agreement. Specifically, the Response in Opposition impermissibly references a July 2, 2014 letter drafted by Buckalew's lead counsel, and a June 26, 2014 email exchange between present counsel and Buckalew's prosecuting counsel.

Under Federal law, it is clear that a court must confide to the four corners of the Counterclaim, and their attached exhibits. *Grossman v. Nationsbank*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Caravello v. American Airlines, Inc.*, 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004). Therefore, in determining whether the Counterclaim alleges a proper cause of action, it is irrelevant whether the Buckalew Plaintiffs agree that Florida law applies in the Connecticut action, especially where the very communications cited show that no choice of law stipulation exists.

The Response in Opposition attempts to confuse this Court's determination on the merits of the Counterclaim by alleging that a potential choice-of-law conflict renders the Motion to Dismiss Counterclaim premature. However, the Counterclaim Plaintiffs have not, and cannot, offer any basis in law that *potential* choice of law determinations, arising in a separate jurisdiction, subverts this Court's ability to determine whether the Counterclaim alleges a sufficient cause of action under Florida law. To that end, the very Counterclaim contends that the law of the State of Florida should govern the issue of whether it is subjected to joint liability. Therefore, Counterclaim Plaintiffs cannot argue that choice-of-law determinations in Connecticut render the Motion to Dismiss Counterclaim premature, while simultaneously and tacitly adopting Florida law on the Counterclaim.

993768v.1

Finally, the Counterclaim Plaintiffs opposed the Buckalew Estate's Renewed Motion to Stay the present action. Specifically, the twenty-page brief argued that the present action is not substantially similar to the Connecticut action and should move forward on its own merits. Had a stay Order proceeded, the present dispute would have been moot while the parties litigated in the Connecticut forum. Nevertheless, by choosing to proceed in the present action, the Counterclaim Plaintiffs have subjected themselves to present litigation and determinations of Florida law. Thus, under Florida law, the Counterclaim does not allege proper causes of action under Florida law, and must be dismissed.

**3. Claims for Contribution and Indemnity are invalid under Florida law.**

While the Counterclaim Defendants do not dispute that a separate analysis will be considered if anything other than Florida law is applied to the present matter[1], at present, the claim for contribution does not exist under Florida law since Florida no longer recognizes contribution claims. *See T & S Enters. Handicap Accessibility v. Wink Indus. Maintenance & Repair*, 11 So. 3d 411 (Fla. 2nd DCA 2009); *See also* § 768.81. The current version of § 768.81 has essentially rendered a third-party complaint for contribution in a negligence action obsolete. *Zazula v. Kimpton Hotels and Restaurants, LLC*, No. 10-21381, 2011 U.S. Dist. LEXIS 47092, 2011 WL 1657872, at *2 (S.D. Fla. May 2, 2011); *Maguire v. Demos*, 2012 U.S. Dist. LEXIS 32305 (M.D. Fla. Mar. 12, 2012). "The jury would determine the same issues under section 768.81(3) as it would in a third-party action, and it is unlikely that [a defendant] will be required to pay more than its pro rata share of any common liability." *Gerhardt v. Crowe*, 118 So. 3d 1006 (Fla. 1st DCA 2013). *See also Wells v. Tallahassee Mem'l Reg'l Med. Ctr., Inc.*, 659 So. 2d 249, 256 (Fla. 1995) (Anstead , J., specially concurring) ("Since this tortfeasor-defendant now

---

[1] If the Court is inclined to deny the present Motion to Dismiss, then the Counterclaim Defendants would respectfully request that it be without prejudice so as to be renewed if and when this Court were to rule on choice of law.

faces a judgment based only on its 'percentage of fault,' it, unlike Disney in the [Walt Disney World Co. v. Wood, 515 So. 2d 198 (Fla. 1987)] case, has no basis for seeking contribution from another tortfeasor who might also have contributed to the cause of the claimant's injury.").

Here, the Counterclaim Plaintiffs have not, and cannot, allege any facts that create a contribution claim under Florida law. The claim simply does not exist in Florida. Therefore, the claim for contribution must be dismissed.

Further, there is no allegation of an applicable express or implied contract that would establish a basis to argue that the Counterclaim Plaintiffs are entitled to indemnity. *Dade County Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638 (Fla. 1999); *Houdaille Industries, Inc. v. Edwards*, 374 So. 2d 490 (Fla. 1979). For a party to prevail on a claim of common law indemnity, first, the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another. Second, indemnification can only come from a party who was at fault. Additionally, Florida courts have required a special relationship between the parties in order for common law indemnification to exist. *Maguire v. Demos*, 2012 U.S. Dist. LEXIS 32305 (M.D. Fla. Mar. 12, 2012). The Counterclaim fails to allege any facts demonstrating that the Counterclaim Plaintiffs are without fault or that the Counterclaim Defendants were negligent. Simply reciting the elements necessary to prevail on a claim for indemnification is likewise unacceptable. *See Twombly*, 550 U.S. at 555 (stating that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")

Similarly, the absence of an allegation of a special relationship further compels dismissal of the claim for indemnity contained in the Counterclaim. *Dade County Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638 (Fla. 1999). The Counterclaim fails to allege a special relationship, nor

do any facts stated tend to show a special relationship with the Buckalew Estate. In fact, the Counterclaim Plaintiffs have not offered a basis of law in opposition to any of these arguments.

WHEREFORE, the Counterclaim Defendant, Edward Buckalew, as Executor of the Estate of Jeffrey Buckalew, respectfully requests this Honorable Court to enter an order dismissing the Counterclaims, and for other relief it deems fit.

### CERTIFICATE OF GOOD FAITH CONFERENCE

I certify that I have conferred in a good faith effort to resolve the issues raised in this motion with counsel for Plaintiff and have been unable to resolve this matter without assistance of this Court.

Respectfully Submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
3800 Miami Tower
100 Southeast Second Street
Miami, Florida 33131
(305) 374-4400 Telephone
(305) 579-0261 Facsimile

By: /s/ Gabriel Z. Coelho
ANTHONY P. STRASIUS
Florida Bar No. 988715
anthony.strasius@wilsonelser.com
GABRIEL Z. COELHO
Florida Bar. No.: 047685
gabriel.coelho@wilsonelser.com
Gary Gardner (Admitted Pro Hac Vice)
gary.gardner@wilsonelser.com
*Attorneys for Counterclaim Defendant Edward Buckalew, as Executor of the Estate of Jeffrey Buckalew*

Case No.: 13-CV-62758

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **24th day of July, 2014**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties as identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Noticed Electronic Filing.

## SERVICE LIST

**Glen H. Waldman**
Heller Waldman, P.L.
3250 Mary Street
Suite 102
Coconut Grove, FL 33133
Tel: 305-448-4144
Fax: 305-448-4155
gwaldman@hellerwaldman.com
*Counsel for Plaintiff*

**Richard E. Genter**
Law Office of Richard E. Genter
610 Old York Road
Suite 200
Jenkintown, PA 19046
Tel: 215-884-8190
richard@genterlaw.com
*Co-Counsel for Plaintiff*

**Kevin Monroe Vannatta**
Lewis Brisbois Bisgaard & Smith
200 S.W. 1st Avenue
Suite 910
Fort Lauderdale, FL 33301
Tel: 954-728-1280
Fax: 954-728-1282
vannatta@lbbslaw.com
*Counsel for Columbia Aircraft Sales, Inc.*

**Dennis M. O'Hara**
**Robert C. Bauroth**
**Christopher J. Jahr**
Wicker Smith O'Hara McCoy & Ford, P.A.
SunTrust Center
515 East Las Olas Blvd, Suite 1400
PO Box 14460
Fort Lauderdale, FL 33302
Tel: 954-847-4800
Fax: 954-760-9353
dohara@wickersmith.com
rbauroth@wickersmith.com
cjahr@wickersmith.com
*Local Counsel for Socata, S.A.S. and Socata North America, Inc.*

Case No.: 13-CV-62758

**Brian C. Dalrymple**
**Cameron R. Cloar**
**Paul E. Stinson**
**Domenico Parrella**
Nixon Peabody, LLC
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
Tel: (415) 984-8200
Fax: (415) 984-8300
bdalrymple@nyxonpeabody.com
ccloar@nixonpeabody.com
pstinson@nixonpeabody.com
dperrella@nixonpeabody.com
*Admitted Pro Hac Vice for Socata, S.A.S. and Socata North America, Inc.*

By: */s/ Gabriel Z. Coelho*
    GABRIEL Z. COELHO