IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

EDWARD BUCKALEW, as Executor of the
Estate of JEFFREY BUCKALEW, deceased,
   And
EDWARD BUCKALEW, as Executor of the
Estate of CORINNE BUCKALEW, deceased,
   And
EDWARD BUCKALEW, as Administrator of
The Estate of JACKSON BUCKALEW, deceased,
   And
EDWARD BUCKALEW, as Administrator of the
Estate of MERIWETHER BUCKALEW, deceased,

              Plaintiffs,

v.

COLUMBIA AIRCRAFT SALES, INC.,
   And
SOCATA NORTH AMERICA, INC.,
   And
SOCATA, S.A.S.,
   And
DAHER AEROSPACE, S.A.S.

              Defendants/Third Party Plaintiffs,

v.

UNITED STATES OF AMERICA,

              Third Party Defendant.

Case No. 13-cv-62758-WPD

## COLUMBIA AIRCRAFT SALES, INC.'S OPPOSITION TO THE UNITED STATES' MOTION TO DISMISS, AND INCORPORATED MEMORANDUM OF LAW

Defendant, Columbia Aircraft Sales, Inc. ("Columbia"), by and through its undersigned counsel, files the following memorandum of law in opposition to the United States' motion to dismiss third-party complaint (D.E. 60). Contrary to the United States' assertion, Columbia's lawsuit is squarely within the subject matter jurisdiction of this Court. Moreover, even if, as the United

States argues, Florida does not provide relief for Columbia's claims of equitable indemnification and contribution, these are cognizable causes of action under Connecticut, New Jersey, and Virginia law, any of which may potentially apply depending on this Court's choice of law determination.

## MEMORANDUM OF LAW

### A. This Court Has Jurisdiction over Columbia's Third-Party Claims

As the United States acknowledges in its motion to dismiss, Columbia can commence a third-party lawsuit against the United States for contribution and indemnity in federal court under 28 U.S.C. § 1346(b)(1), which provides as follows:

> (1) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Additionally, 28 U.S.C. § 2674 provides in pertinent part that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances."

After having been sued as a defendant in the instant lawsuit for negligence arising out of a fatal aviation accident, Columbia, pursuant to the above-cited statutory provisions, filed a third-party action against the United States in this Court. Specifically, Columbia seeks contribution and indemnity for any sums that it must pay to the plaintiff as a result of the United States' negligence for the subject accident. Although the plaintiff commenced a similar action against Columbia and other defendants in Connecticut state court, the United States is not a party to that action and Columbia does not seek here to bind the United States to any judgment rendered by that Connecticut

court. Rather, Columbia is merely pursuing in the above-captioned action a third-party claim for indemnity and contribution, as is its right, based on the subject matter jurisdiction of this Court pursuant to 28 U.S.C. §§ 1346(b)(1) and 2674.

### B. Columbia Can Seek Relief for Indemnity and Contribution

Moreover, even assuming *arguendo* that Columbia cannot pursue its claims for indemnity and contribution against the United States under Florida law to the extent that Florida does not provide for joint and several liability for joint tortfeasors, such causes of action are available under the laws of New Jersey (where the aviation accident occurred), Connecticut (where Columbia resides), and Virginia (where the decedents resided). *See* Conn. Gen. Stat. § 52-572o(d) ("The court . . . shall enter judgment against parties liable on the basis of the common law joint and several liability of the joint tortfeasors"); *Dickenson v. Tabb*, 156 S.E.2d 795, 801 (Va. 1967) ("Where separate and independent acts of negligence of two parties are the direct cause of a single injury to a third person and it is impossible to determine in what proportion each contributed to the injury, either or both are responsible for the whole injury") (citations and quotation marks omitted); *Ohio Cas. Ins. v. State Farm Fire and Cas. Co.*, 546 S.E.2d 421, 423 (Va. 2001) ("[W]here two or more persons are liable to pay a claim and one or more of them pays the whole of it, or more than his or her share, the one so paying may generally recover from the others the ratable proportion of the claim that each ought to pay") (citations and emphasis omitted); N.J. Stat. § 2A:15-5.3(e) ("Any party who is compelled to pay more than his percentage share may seek contribution from the other joint tortfeasors"). Accordingly, because this Court has yet to make a determination as to the applicable choice of law—and, as the United States concedes in its motion to dismiss, such a determination would in any event be premature at this juncture (D.E. 60 at 4)—Columbia's

4828-7581-7500.1

3

indemnity and contribution claims against the United States are not subject to dismissal as such claims are permitted under the potentially applicable laws of Connecticut, Virginia, and New Jersey.

## CONCLUSION

As set forth above, this Court has jurisdiction over Columbia's third-party complaint against the United States. Moreover, Columbia's causes of action against the United States for indemnity and contribution cannot be dismissed based on the application of a choice of law that has yet to be determined. For these reasons, the United States' motion to dismiss should be denied.

Respectfully submitted,

*Counsel for Columbia Aircraft Sales, Inc.*

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

/s/Kevin M. Vannatta

Kevin M. Vannatta, Esq.
110 S.E. 6th Street, Suite 2600
Fort Lauderdale, FL 33301
(954)728-1280
(954)728-1282 fax
Fla. Bar No. 872946
Kevin.vannatta@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2014, I have electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of the electronic filing to the follow counsel of record:

Glen H. Waldman, Esq.
Heller Waldman, P.L.
3250 Mary Street, Suire 102
Coconut Grove, FL  33133
(305)448-4144
gwaldman@hellerwaldman.com
***Attorneys for Plaintiff***

Richard E. Genter, Esq.
*(Pro Hac Vice to be submitted)*
610 Old York Road, Suite 200
Jenkintown, PA  19046
(215)884-8190
richard@genterlaw.com
***Attorneys for Plaintiff***

Domenico Perrella, Esq.
Brian Dalrymple, Esq.
Nixon Peabody LLP
One Embarcadero Center, 18th Floor
San Francisco, CA  94111-3600
(415)984-8413
dperrella@nixonpeabody.com
bdalrymple@nixonpeabody.com
***Attorneys for Soccata***

Debra D. Fowler, Esq.
Senior Aviation Counsel
Civil Division, Torts Branch
Aviation & Admiralty Litigation
PO Box 14271
Washington, DC  20044-4271
(202)616-4025/54
(202)616-4002 fax
Debra.fowler@usdoj.gov
***Attorneys for 3rd Party Def. United States***

Anthony P. Strasius, Esq.
Wilson, Elser, Moskowitz, et al.
3800 Miami Tower

100 SE 2nd Street
Miami, FL 33131
(305)374-4400
(305)579-0261 fax
Anthony.strasius@wilsonelser.com
***Attorneys for Counterclaim Def. Buckalew***

                Respectfully submitted,


                __/s/Kevin M. Vannatta___
                Kevin M. Vannatta
                Florida Bar No. 872946

                LEWIS BRISBOIS BISGAARD & SMITH, LLP
                200 SW 1st Avenue, Suite 910
                Fort Lauderdale, FL 33301
                (954)728-1280
                (954)728-1282 fax
                Kevin.vannatta@lewisbrisbois.com
                ***Attorney for Columbia Aircraft Sales, Inc.***