**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| EDWARD BUCKALEW, as Executor of the Estate of JEFFREY BUCKALEW, Deceased, *et al.* | Case No. 13-cv-62758-WPD |
| Plaintiffs, | |
| v. | |
| COLUMBIA AIRCRAFT SALES, INC., *et al.* | |
| Defendants. | |
| And Related Counterclaims and Third-Party Claims | |

**SOCATA NORTH AMERICA, INC. and SOCATA SAS**
**RESPONSE IN OPPOSITION TO UNITED STATES' MOTION TO DISMISS THIRD-PARTY COMPLAINTS (DE 60)**

COME NOW Defendants, Third-Party Plaintiffs and Counterclaim Plaintiffs SOCATA NORTH AMERICA, INC. and SOCATA SAS (collectively "Socata Parties"), by and through their undersigned counsel, and respectfully oppose the Motion to Dismiss filed by Third-Party Defendant United States of America ("US"). [Docket No. 60 (hereinafter "Motion").]

**INTRODUCTION**

The US's Motion seeks to dismiss the Socata Parties' claims relating to the Connecticut action and also states that "if the determination is made that Florida law governs," a determination the US admits would be premature, the US would also seek the dismissal of the entirety of the third-party claims, including the portion relating to the Socata Parties' potential liability in this action.

The portion of the Motion relating solely to the claims arising out of the Socata Parties' potential liability in the Connecticut action must be denied because it is contrary to black-letter law regarding contribution claims against the federal government under the Federal Tort Claims

Act ("FTCA").  The FTCA gives this Court subject matter jurisdiction over the Socata Parties' Third-Party Complaints because it provides that district courts shall have exclusive jurisdiction of civil actions on tort claims against the United States.  28 U.S.C. § 1346(b)(1)  This jurisdiction expressly extends to contribution claims against the United States, whether brought as separate proceedings or as third-party actions.  *U.S. v. Yellow Cab Co.*, 340 U.S. 543, 552-53 (1951).  Neither the FTCA nor the courts make any jurisdictional distinction based on where the underlying claim against the contribution claimant is filed, and courts routinely hear contribution actions against the government arising from the contribution plaintiff's liability in state court proceedings.  Combining the Socata Parties' contribution claims against the government stemming from their potential joint liability in the nearly identical Connecticut action with their claims stemming from potential joint liability in the action in this Court falls easily within this Court's jurisdiction and serves the interests of judicial economy and avoidance of multiplicity of suits.  Fed. R. Civ. Proc. 14, 18.  This aspect of the US's Motion should be denied with prejudice.

The US also suggests that, if a determination is ultimately made that Florida law applies, this Court should dismiss the Socata Parties' Third-Party Complaints in their entirety for the reasons state in the Motion to Dismiss [Docket No. 56] filed by Counterclaim Defendant Edward Buckalew, which motion is based on the abolition of joint liability under the law of Florida. However, the US does not ask the Court to make such a choice-of-law determination and rightly admits that such a determination is "premature."  Accordingly, it is not even clear whether the US is moving to dismiss on this ground or simply noting that if and when such a determination is made it will make such a motion.  In any case, this part of the US's Motion should be denied without prejudice until such time as the choice-of-law issues are fully discovered, briefed and decided in both this and the related action.

<u>**ARGUMENT**</u>

**I.   <u>THIS COURT HAS ORIGINAL JURISDICTION OVER THE SOCATA PARTIES' THIRD-PARTY COMPLAINTS WITH RESPECT TO THE CONNECTICUT ACTION</u>**

In the first part of its Motion, the US asserts that this Court lacks subject matter jurisdiction over the contribution and indemnity claims the Socata Parties have made related to the action filed by Buckalew <u>in Connecticut</u>.  [Docket No. 60, § I.]  The US admits that this argument does not apply to the extent that the contribution claims are based on the Socata Parties' potential liability in this action.  [Docket No. 60, p. 3 ("The United States does not dispute that Defendants may properly use Rule 14(a) to bring a third party action against the United States arising from Plaintiffs' complaint in this Court.").]  The US could not argue differently, given that the Supreme Court expressly held over 60 years ago that the US's waiver of sovereign immunity under the FTCA extends to contribution claims, whether brought as separate proceedings or as third-party claims via Rule 14.  *Yellow Cab*, 340 U.S. at 552-53.

Rather, the US's sole argument is that "the portions of the third party complaints that seek relief from the Connecticut state court action should be dismissed" because this Court lacks subject-matter jurisdiction over those claims.  [Docket No. 60, at 4.]  The US contends that by asserting contribution claims related to the Connecticut action, the Socata Parties are attempting to "accomplish indirectly what they cannot accomplish directly"   [*Id.* at 3-4.]  The problem with the US's argument is that nobody is trying to make the US a party to the Connecticut state-court action or arguing that the US should be bound by findings or judgment of that court.  Further, the law is clear that the Socata Parties <u>can</u> assert contribution claims against the US in this Court, regardless of what court or courts they have been sued in.  The FTCA provides that the district courts have original jurisdiction over FTCA claims, and the Supreme Court has clearly held that such jurisdiction includes claims for contribution.  The Socata Parties' claims against the US for contribution or indemnity related to the Connecticut action thus fall squarely within the statute and this Court's jurisdiction.

The US cites no authority for the proposition that a state court defendant cannot, in a separate federal action, act as a contribution plaintiff and sue the US related to that defendant's liability in the state court suit.  Unsurprisingly, there is no such authority.  Throughout the history of the FTCA, federal courts have routinely heard such claims.  *See*, *e.g.*, *General Elec. Co. v. U.S.*, 792 F.2d 107 (8th Cir. 1986) (FTCA action for contribution or indemnity arising from Minnesota state-court proceeding); *U.S. v. St. Louis Univ.*, 336 F.3d 294 (4th Cir. 2003) (FTCA action for contribution arising out of Missouri state-court proceeding); *Bagge v. U.S.*, 242 F. Supp. 809 (N.D. Cal. 1965) (FTCA action for contribution or indemnity arising out of California state-court proceeding); *Traveler's Ins. Co. v. U.S.*, 283 F. Supp. 14 (S.D. Tex. 1968) (FTCA action for contribution or indemnity arising out of Texas state-court proceeding).

Indeed, one of the cases cited by the US explains this quite well.  *See Pittsburgh v. U.S.*, 359 F.2d 564 (3d Cir. 1966).  In that case, the City of Pittsburgh was sued in Pennsylvania state court by a pedestrian who had fallen on a sidewalk of a building owned and occupied by the US.  *Id*. at 565.  The pedestrian obtained a verdict against the City and the City sought indemnity against the US in federal district court.  Although the district court noted that the US would not be bound by the state court judgment, it expressly held that the City could "continue its present action in the district court, but it will be a proceeding in which the City must prove all those facts not admitted by the United States which are essential to its cause of action, and the United States will have open to it all of the defenses it may offer against the claim, regardless of whether those issues were adjudicated by the state court judgment as between the pedestrian and the City."  *Id*. at 569.  The situation here is exactly the same.  The Socata Parties are not attempting to "bind" the US to any state court judgment or "implead" it in Connecticut; they are merely asserting that if they are held jointly liable in any amount in the Connecticut action they seek contribution and/or indemnity against the US in this Court, in accordance with the FTCA and applicable state law.  It goes without saying that the Socata Parties will have the burden of proving all elements of their contribution claims against the US that the US does not admit and that the US will not be bound by the findings in a state court where it was not, and could not be, a party.  *Id.*

It having been established that this Court has subject matter jurisdiction over the Socata Parties' Third-Party Complaints as they relate to the Connecticut action, it is proper to adjudicate those claims in the captioned action pursuant to Rules 14 and/or 18.  Fed. R. Civ. Proc. 14(a)(1), 18(a) (A party asserting a . . . third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.").  Indeed, joining such related claims serves the goals of judicial efficiency and avoidance of piecemeal litigation that the Rules were designed to further: "The availability of third-party procedure is intended to facilitate, not to preclude, the trial of multiple claims which otherwise would be triable only in separate proceedings."[1]  *Yellow Cab*, 340 U.S. at 556; *Pittsburgh*, 359 F.2d at 568 (same).

## II.   AS THE US ADMITS, ITS ARGUMENT BASED ON THE CHOICE OF LAW IS "PREMATURE"

It is not entirely clear whether the US is moving to dismiss the Socata Parties' contribution claims based on Florida's abolition of joint liability.  The US correctly admits that a choice-of-law determination would be "premature" at this time and makes no argument that Florida law governs the application of joint liability to the Socata Parties in this or the related Connecticut action.  However, immediately after making its admission, the US states: "Nevertheless, if the determination is made that Florida law governs, the United States moves to dismiss" the Socata Parties' third-party complaints for the reasons stated by counterclaim defendant Buckalew.  [Docket No. 60, pp. 4-5.]

To whatever extent a motion can be made by stating that the US would seek certain relief if a determination were made that the US (like the Socata Parties and Buckalew) thinks should not be made at this time, that motion should be denied.

For the reasons articulated in the Socata Parties' Opposition to the Buckalew Motion to Dismiss (see Docket No. 63), any motion based on the theoretical application of Florida law to the claims between the parties is premature.  In its Motion, the US agrees. [Docket No. 60, § II

---

[1] To the extent the US is arguing that the Socata Parties are required to initiate yet another, separate federal action solely in relation to the Connecticut claims, such an argument would be expressly counter to the purpose behind the joinder rules.

("a choice-of-law determination at this juncture is premature.").]  Indeed, the FTCA contains its own choice-of-law clause, which will only complicate this issue further.  28 U.S.C. § 1346(b)(1) (US can be held liable to the same extent as a private person "in accordance with the law of the place where the act or omission occurred.").  Accordingly, this part of the US's Motion should be denied without prejudice to reasserting it at such time as this Court makes the appropriate choice of law determination(s).

**CONCLUSION**

For all of the foregoing reasons, Defendants, Counterclaimants and Third-Party Plaintiffs Socata SAS and Socata North America, Inc. respectfully request that this Court deny the United States's Motion to Dismiss in its entirety, and award the Socata Parties any further relief it deems justified under the circumstances.

DATED:  July 28, 2014                              Respectfully submitted,


By: /s/ Christopher J. Jahr
 Dennis O'Hara (Florida Bar No. 148434)
 dohara@wickersmith.com
 Robert C. Bauroth (Florida Bar No. 277940)
 rbauroth@wickersmith.com
 Christopher J. Jahr (Florida Bar No. 73066)
 cjahr@wickersmith.com
 WICKER SMITH O'HARA MCCOY & FORD P.A.
 SunTrust Center
 515 East Las Olas Blvd., Suite 1400
 Fort Lauderdale, FL 33301

 *and*

 Brian C. Dalrymple (appearing *pro hac vice*)
 bdalrymple@nixonpeabody.com
 Domenico C. Perrella (appearing *pro hac vice*)
 dperrella@nixonpeabody.com
 Paul E. Stinson (appearing *pro hac vice*)
 pstinson@nixonpeabody.com
 NIXON PEABODY LLP
 One Embarcadero Center, 18th Floor
 San Francisco, CA 94111
 Telephone: (415) 984-8200
 Facsimile: (415) 984-8300

 Attorneys for Defendants Socata North America, Inc.
 and Socata SAS

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2014 a true and correct copy of the foregoing was served on all other parties who have appeared in this action through their respective counsel of record through the means of the Court's electronic filing system.

    /s/Christopher J. Jahr
Christopher J. Jahr

## SERVICE LIST

Glen H. Waldman, Esq.
gwaldman@hellerwaldman.com
HELLER WALDMAN, P.L.
3250 Mary Street, Suite 102
Coconut Grove, FL 33133
Telephone: 305-448-4144
Facsimile: 305-448-4155

And
Richard E. Genter, Esq.
richard@genterlaw.com
(*pro hac vice*)
Jenkins Court
610 Old York Road, Suite 200
Jenkintown, PA 19046
Telephone: 215-884-8190
Facsimile: 215-884-8266

Attorneys for all Plaintiffs

Debra D. Fowler, Esq.
Debra.Fowler@usdoj.gov
Senior Aviation Counsel
Civil Division, Torts Branch
Aviation & Admiralty Litigation
PO Box 14271
Washington, DC 20044-4271
Telephone: (202) 616-4025/54
Facsimile: (202) 616-4002

Attorney for Third-Party Defendant the United States

Anthony P. Strasius, Esq.
anthony.strasius@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
3800 Miami Tower
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 374-4400
Facsimile: (305) 579-0261

Gary Gardner, Esq.
gary.gardner@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
150 East 42nd Street
New York, NY 10017
Telephone: (212) 915-5770

Attorneys for Counterclaim Defendant
Edward Buckalew as Executor of the Estate of
Jeffrey Buckalew

Kevin M. Vannatta, Esq.
Kevin.Vannatta@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH
LLP
200 S.W. 1st Avenue, Suite 910
Fort Lauderdale FL 33301
Telephone: 954-728-1280
Facsimile: 954-728-1282

Attorney for Defendant and Third-Party
Plaintiff Columbia Aircraft Sales, Inc.