UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62758-CIV-DIMITROULEAS

EDWARD BUCKALEW, as Executor of the
Estate of JEFFREY BUCKALEW, Deceased,
et al.,

      Plaintiffs,
vs.

COLUMBIA AIRCRAFT SALES, INC.,
et al.,

      Defendants.
_____/

## ORDER DENYING UNITED STATES' MOTON TO DISMISS THIRD PARTY COMPLAINTS

THIS CAUSE is before the Court upon Third Party Defendant United States' Motion to Dismiss Third Party Complaints. [DE 60].  The Court has carefully considered the Motion, Defendant /Third Party Plaintiff Columbia Aircraft Sales, Inc.'s ("Columbia")'s Opposition [DE 65], Defendants/Third Party Plaintiffs/Counterclaim Plaintiffs' Socata SAS and Socata North America, Inc. (collectively, "Socata Parties")'s Response in Opposition [DE 66], the United States' Reply [DE 67], Socata Parties' Surreply [DE 70], and is otherwise fully advised in the premises.

This action arises from an airplane crash that occurred on December 20, 2011 in the state of New Jersey. *See* [DE 1].  The decedents, Jeffrey Buckalew, Corrine Buckalew, Jackson Buckalew and Merriweather Buckalew, were citizens and residents of Virginia at the time of their death.  Decedents were flying in a Socata TBM 700 Aircraft from New Jersey en route to Georgia when the crash occurred.

1

On December 18, 2013, the day before the instant case was filed, Edward Buckalew, as Executor of the Estate of Jeffrey Buckalew (hereinafter "Buckalew") filed a substantially similar lawsuit in state court in Connecticut[1] against the same Defendants sued here -- Columbia Aircraft Sales, Inc., Socata North America, Inc., Socata, S.A.S., and Daher Aerospace, S.A.S.  That action is currently pending and Buckalew has twice asked this Court to stay the instant action in favor of litigating its claims in Connecticut.[2] *See* [DE's 7, 26].   On December 19, 2013, Buckalew filed this action against Columbia Aircraft Sales, Inc., Socata North America, Inc., Socata, S.A.S., and Daher Aerospace, S.A.S., alleging claims for product liability, negligence, and breach of warranty claims. [DE 1].

On May 5, 2014, the Socata Parties filed their Third-Party Complaint against the United States [DE 23], alleging two counts: (1) Equitable Indemnification for any damages the Socata Parties are held liable for in this or the related Connecticut state-court action; and (2) Contribution for any amount the Socata Parties pay in excess of their *pro rata*, proportional or equitable share of fault, if any, in this action and the related Connecticut state-court action. [DE 23].

On May 23, 2014, Columbia filed a Corrected Third-Party Complaint against the United States [DE 23], alleging two counts: (1) Equitable Indemnification for any damages Columbia is held liable for in this or the related Connecticut state-court action; and (2) Contribution for any amount Columbia pays in excess of its *pro rata*, proportional or equitable share of fault, if any, in this action and the related Connecticut state-court action. [DE 36].

In the instant Motion [DE 60], the United States moves to dismiss the Socata Parties' and Columbia's Third Party Claims against it, **only** as to the claims in the Connecticut state court

---

[1] Connecticut is the state of citizenship of Defendant Columbia Aircraft Sales, Inc.
[2] Buckalew explains that the Florida action was filed solely based on anticipated challenges to jurisdiction and/or venue being made by some or all of these same defendants in the Connecticut action.

action, arguing that the Court lacks subject matter jurisdiction over those claims. Additionally, the United States argues that, in the event that the Court makes a determination that Florida law governs, the Third Party Complaints [DE's 23, 36] fail to state a claim because equitable indemnification and contribution are no longer cognizable under Florida law.

First, as all of the parties readily acknowledge, a choice-of-law determination at this juncture of the litigation is premature. The viability of whether the equitable indemnification and contribution claims have any basis depends on the ultimate determination of what state's or states' laws will govern the claims in this action and the related action in Connecticut state court. Accordingly, the Court will deny as premature the motion to dismiss for failure to state a claim under Florida law. *See also* August 29, 2014 Order Denying as Premature Motion to Dismiss Counterclaims [DE 71] at pp. 2-3 ("Because of the possibility that the Socata Parties could be held to be subject to joint liability under the law of some yet-to-be-determined state, their Counterclaims are proper at this stage in the litigation.").

Nonetheless, the Court must still determine at this juncture whether the Court has subject matter jurisdiction over the Third Party equitable indemnity and contribution claims arising from the Connecticut state court action.

The United States opens with the correct premise that Defendants are prohibited from impleading the United States in Connecticut state court – or any other state court – because the United States has not consented to suit in those courts. Federal district courts have exclusive jurisdiction over the third-party claims against the United States for contribution or indemnity under the Federal Torts Claim Act ("FTCA"). *See* 28 U.S.C. § 1346(b)(1). Thus, impleading the United States on these claims is proper only in federal district court. *See, e.g., McRory v. Hobart*

3

*Bros. Co.*, 732 F.2d 1533, 1535 (11th Cir. 1984) (affirming dismissal for lack of subject matter jurisdiction of third-party claims against United States that had originally been filed in state court prior to removal of action to federal court).

The United States does not dispute that Defendants may properly use Rule 14(a) to bring a third party action against the United States arising from Plaintiffs' complaint in this Court. However, the United States takes the position that Defendants cannot circumvent the jurisdictional prohibition by referencing in their third party complaints Buckalew's Connecticut state court action. It asserts that, in seeking relief arising from the allegations in the Connecticut state court, Defendants attempt to accomplish indirectly what they cannot accomplish directly, *i.e.*, to implead the United States as third party defendants in the Connecticut state court without a waiver of sovereign immunity. The United States contends that those portions of the Third Party complaints seeking contribution and indemnity for any adverse finding from the Connecticut state court action are impermissible and explicitly contradictory to the United States' waiver sovereign immunity under the FTCA. *See City of Pittsburgh v. United States*, 359 F.2d 564, 568-69 (3d Cir. 1966) (holding that the United States cannot be bound by the judgment of a state court and, moreover, that a federal judge's endorsement of a state court judgment is incompatible with the FTCA). Accordingly, the United States argues that the portions of the Third Party Complaints that seek relief from the Connecticut state court action should be dismissed.

In response, the Socata Parties argue that the exclusive subject matter jurisdiction the FTCA gives to federal district courts over tort claims against the United States, 28 U.S.C. § 1346(b)(1), expressly extends to the claims against the United States pled in the Socata Parties' Third-Party Complaints. The Socata Parties argue that, pursuant to the FTCA, the federal district

4

courts have jurisdiction over both separate proceedings against the United States and third-party actions against the United States. *See U.S. v. Yellow Cab Co.*, 340 U.S. 543, 552-53 (1951) (holding that under the FTCA, the nature of rights and obligations of joint tortfeasors does not require a procedural distinction as to right to implead a joint tortfeasor for contribution as third-party defendant via Rule 14 rather than bringing separate contribution action).

The Socata Parties argue that "nobody is trying to make the US a party to the Connecticut state-court action or arguing that the US should be bound by findings or judgment of that court." *See* [DE 66] at p. 3.   As the Socata Parties state in their Response:

> The Socata Parties are not attempting to "bind" the US to any state court judgment or "implead" it in Connecticut; they are merely asserting that if they are held jointly liable in any amount in the Connecticut action they seek contribution and/or indemnity against the US in this Court, in accordance with the FTCA and applicable state law. It goes without saying that the Socata Parties will have the burden of proving all elements of their contribution claims against the US that the US does not admit and that the US will not be bound by the findings in a state court where it was not, and could not be, a party. *Id.* [citing *Pittsburgh v. U.S.*, 359 F.2d 564 (3rd Cir. 1966).

*See* [DE 66] at p. 4.

Columbia also takes the position in its Response that it is not attempting, through its Third Party Complaint, to bind the United States to any Connecticut state court judgment:

> After having been sued as a defendant in the instant lawsuit for negligence arising out of a fatal aviation accident, Columbia, pursuant to the above-cited statutory provisions[3], filed a third-party action against the United States in this Court.   Specifically, Columbia seeks contribution and indemnity for any sums that it must pay to the plaintiff as a result of the United States' negligence for the subject accident.   Although the plaintiff commenced a similar action against Columbia and other defendants in Connecticut state court, the United States is not a party to that action and Columbia does not seek here to bind the United States to any judgment rendered by that Connecticut court.   Rather, Columbia is merely

---

[3] 28 U.S.C. § 1346(b)(1) ("FTCA"); 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.")

5

>pursuing in the above-captioned action a third-party claim for indemnity and contribution, as is its right, based on the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1346(b)(1) and 2674.

*See* [DE 65] at p. 2.

The Socata Parties' contend that their claims against the United States for contribution or indemnity related to the Connecticut action fall squarely within the FTCA and this Court's jurisdiction.[4] The Socata Parties take the position that neither the FTCA nor the courts make any jurisdictional distinction based on where the underlying claim against the contribution claimant is filed, and that federal district courts routinely hear contribution actions against the government arising from the contribution plaintiff's liability in state court proceedings. In support, the Socata Parties cite *General Elec. Co. v. U.S.*, 792 F.2d 107 (8th Cir. 1986) (FTCA action for contribution or indemnity arising from Minnesota state-court proceeding); *U.S. v. St. Louis Univ.*, 336 F.3d 294 (4th Cir. 2003) (FTCA action for contribution arising out of Missouri state-court proceeding); *Bagge v. U.S.*, 242 F. Supp. 809 (N.D. Cal. 1965) (FTCA action for contribution or indemnity arising out of California state-court proceeding); *Traveler's Ins. Co. v. U.S.*, 283 F. Supp. 14 (S.D. Tex. 1968) (FTCA action for contribution or indemnity arising out of Texas state-court proceeding). The Socata Parties contend that there is no authority for the United States' position that a state court defendant cannot, in a federal action, act as a contribution plaintiff and sue the United States related to that defendant's liability in the state court suit.

Moreover, the Socata Parties state that combining their contribution claims against the United States stemming from their potential joint liability in the nearly identical Connecticut action with their claims stemming from potential joint liability in the action in this Court not only

---

[4] While most of the responsive arguments are made in the Socata Parties', rather than in Columbia's, response brief, based upon the nature of this action, the Court's rulings in this Order will necessarily apply uniformly regardless of which Defendant/Third Party Plaintiff asserted the argument advocating against the United States' position.

6

falls easily within this Court's jurisdiction, but also serves the interests of judicial economy and avoidance of multiplicity of suits. *See* Fed. R. Civ. Proc. 14(a)(1)[5], 18(a)[6]. "The availability of third-party procedure is intended to facilitate, not to preclude, the trial of multiple claims which otherwise would be triable only in separate proceedings." *Yellow Cab*, 340 U.S. at 556; *Pittsburgh*, 359 F.2d at 568 (same).

In Reply, the United States argues that the Socata Parties are missing the important distinction between contribution and indemnity claims arising from allegations pled in federal court – this action – and from allegations pled in state court – the Connecticut state court action. It contends that while the Socata Parties have properly invoked Rule 14(a) for those claims arising from the original complaint pending in this Court, Socata may not stretch the scope of Rule 14(a) to cover those claims arising from a separate complaint pending in Connecticut state court. The United States cites *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 2011). In that case, the Eleventh Circuit explained the scope of Rule 14(a) as follows:

> Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim.

812 F.2d at 643.

In its Reply, the United States reasserts its original contention that allowing the Third Party indemnity and contribution claims against it to also cover those claims pending in the state court action would run counter to its sovereign immunity. However, the United States fails to

---

[5] A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.
[6] A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.

7

distinguish, or even to acknowledge, the case law cited in the Socata Parties' response, which demonstrates that federal district courts routinely hear contribution actions against the United States arising from the contribution plaintiff's liability in state court proceedings. *See, e.g., General Elec.*, 792 F.2d 107; *St. Louis Univ.*, 336 F.3d 294; *Bagge*, 242 F. Supp. 809; *Traveler's*, 283 F. Supp. 14.

The United States argues in its Reply brief that "[t]he only way the Socata Parties can seek contribution or indemnity from the United States for claims arising from the Connecticut state court action is to file an independent suit under the FTCA in federal district court." *See* [DE 67] at p. 2.  Thus, it appears that the United States logically concedes that a federal district court does in fact have subject matter to hear contribution and indemnity claims against the United States arising from the Socata Parties' liability in the Connecticut state court proceedings.

However, the United States – based on its position that impleading it on Third Party Plaintiffs' liability in the Connecticut state court proceedings is broader than Rule 14(a) – wants the Third Party Plaintiffs to instead bring a separate FTCA action against it in federal district for contribution and indemnity claims against the United States arising from the Third Party Plaintiffs' liability in the Connecticut state court proceedings.  Moreover, the United States argues[7] that, prior to bringing that separate federal action, the Third Party Plaintiffs must first file administrative agency claims. *See* 28 U.S.C. 2675(a) (setting forth the jurisdictional administrative claim requirement).  As explained below, this argument is without merit.

Importantly, the FTCA's administrative remedy requirement is inapplicable to claims against the government pled as a third party complaint, cross-claim, or counterclaim. *See* § 2675(a) "The provisions of this subsection shall not apply to such claims as may be asserted under the

---

[7] for the first time, in its Reply brief

8

Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." In this case, the United States acknowledges that it has been properly impleaded with regard to that portion of the Third Party contribution and indemnity claims that relates to their potential liability in this action. Because the contribution and indemnity claims relates to Buckalew's identical claims in both cases by the same Plaintiffs for the same damages brought against the same Defendants, they are the same claims for purposes of Rule 14(a). Alternatively, even if that was not the case, the Third Party claims related to the Connecticut action are still properly asserted pursuant to the Federal Rules. Rules 13(g) and 18(a) allow the joinder of any other claims in a third-party complaint if that complaint includes one claim that properly serves as a basis for impleader under Rule 14(a)(1), which is the case here. Rule 13(g) provides that a pleading may state as a crossclaim any claim that one party has against a co-party that "that arises out of the transaction or occurrence that is the subject matter of the original action." Furthermore, Rule 18(a) provides that a party bringing a third-party claim "may join, as independent or alternative claims, as many claims as it has against an opposing party." Accordingly, the Third Party claims related to the Connecticut action are permitted. Additionally, pursuant to the explicit language of 2675(a), those claims are not subject to the FTCA's administrative remedy requirement.

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The United States Motion to Dismiss Third-Party Complaints [DE 60], in the event that the Court makes a determination that Florida law governs, is **DENIED WITHOUT PREJUDICE AS PREMATURE**.

2. The United States Motion to Dismiss Third-Party Complaints [DE 60] as to the Third-Party equitable indemnity and contribution claims arising from the Connecticut

state court action is **DENIED.**

3. The United States shall file its Answers within fourteen (14) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of September, 2014.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record