**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 13-CV-62758**

EDWARD BUCKALEW, as Executor of the Estate of
JEFFREY BUCKALEW, Deceased, CORRINE
BUCKAWLEW, Deceased, JACKSON BUCKALEW,
Deceased, and MERIWEATHER BUCKALEW,
Deceased,

       Plaintiffs,

vs.

COLUMBIA AIRCRAFT SALES, INC., SOCATA
NORTH AMERICA, INC., SOCATA, S.A.S., and
DAHER AEROSPACE, S.A.S.,

       Defendants.
_____/
COLUMBIA AIRCRAFT SALES, INC., SOCATA
NORTH AMERICA, INC., SOCATA, S.A.S.,

       Counterclaim Plaintiffs,

vs.

EDWARD BUCKALEW, as Executor of the Estate of
JEFFREY BUCKALEW, Deceased,

       Counterclaim Defendant.
_____/
COLUMBIA AIRCRAFT SALES, INC., SOCATA
NORTH AMERICA, INC., SOCATA, S.A.S.,

       Third-Party Plaintiffs,

vs.

UNITED STATES OF AMERICA,

       Third-Party Defendant.
_____/

1000113v.1

Case No.: 13-CV-62758

**COUNTERCLAIM DEFENDANT EDWARD BUCKALEW'S,
AS EXECUTOR OF THE ESTATE OF JEFFREY BUCKALEW, ANSWER AND
AFFIRMATIVE DEFENSES TO THE COUNTERCLAIMS**

Pursuant to Rule 12(a)(1), Fed. R. Civ. P., the Counterclaim Defendant Edward Buckalew, as Executor of the Estate of Jeffrey Buckalew (the "Estate"), files it's Answer and Affirmative Defenses to the Counterclaim [D.E. 35], and in support states as follows:

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

1. Denied as worded.

2. Denied as worded.

3. Denied as worded.

4. Denied as worded.

**JURISDICTION**

5. Admitted.

6. Admitted.

7. Admitted.

8. Without knowledge, therefore denied and strict proof demanded.

9. Denied.

10. Admitted.

11. Admitted.

12. Admitted.

13. Without knowledge, therefore denied and strict proof demanded.

**PROCEDURAL HISTORY**

14. Admitted.

15. Admitted.

1000113v.1

Case No.: 13-CV-62758

16. Denied as worded.

17. Admitted.

18. Admitted.

## **FIRST CLAIM FOR EQUITABLE INDEMNIFICATION**

19. Counterclaim Defendant realleges and reincorporates the allegations contained in Paragraphs 1-18 as though fully set forth herein.

20. Denied.

21. Without knowledge, therefore denied and strict proof demanded.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## **SECOND CLAIM FOR CONTRIBUTION**

28. Counterclaim Defendant realleges and reincorporates the allegations contained in Paragraphs 1-18 as though fully set forth herein.

29. Denied.

30. Denied.

## **PRAYER**

31. Denied, including as to all subparts (a) – (e).

1000113v.1

Case No.: 13-CV-62758

**AFFIRMATIVE DEFENSES**

For its Affirmative Defenses, Counterclaim Defendants allege the following:

**Affirmative Defense No. 1:**  The Counterclaim fails to state a cause of action, since under Florida law, contribution claims can no longer be brought, since contribution exists only when a party has paid more than its share of a common liability.  *See T&S Enters. Handicap Accessibility v. Wink Indus. Maintenance & Repair*, 11 So. 3d 411 (Fla. 2nd DCA 2009).

**Affirmative Defense No. 2:**  The Counterclaim fails to state a cause of action, since as a matter of law, there is no applicable express or implied contract that would establish a basis to argue that the Counterclaim Plaintiffs are entitled to indemnity.

**Affirmative Defense No. 3:**  The Counterclaim fails to state a cause of action, since as a matter of law, there is no special relationship between the parties in order for common law indemnification to exist.  *See, e.g., Houdaille Industries, Inc. v. Edwards*, 374 So. 2d 490 (Fla. 1979) (holding that "the allowance of indemnity is premised upon a special relationship between the primary defendant and the third-party defendant").

**Affirmative Defense No. 4:**  The Counterclaim fails to state a cause of action, since as a matter of law, Counterclaim Plaintiffs are not without fault, and its liability is not vicarious and solely for the wrong of another.  *See Dade County Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638 (Fla. 1999).

**Affirmative Defense No. 5:**  The Counterclaim Plaintiff's damages, if any, are a result of acts or omissions of the Counterclaim Plaintiffs which have occurred or may in the future occur, and, therefore, Counterclaim Plaintiffs' damages should be reduced in whole or in part, under the doctrine of comparative negligence.

Case No.: 13-CV-62758

**Affirmative Defense No. 6:** The Counterclaim Plaintiffs' damages, if any, are a result of acts or omissions of persons, or entities other than Counterclaim Defendants and over which Counterclaim Defendants had or have no control.

**Affirmative Defense No. 7:** The incident and damages alleged in the Counterclaim were brought about as the result of intervening, independent, subsequent, totally unforeseeable and superseding cause(s), from which Counterclaim Defendants had no duty to protect the Counterclaim Plaintiffs and for which causes Defendants cannot be held liable under the law.

The Counterclaim Defendant specifically reserves its right to amend and plead any and all Affirmative Defenses that may become known to it during the course of discovery.

WHEREFORE, the Counterclaim Defendant Edward Buckalew, as Executor of the Estate of Jeffrey Buckalew, states that the Counterclaim Plaintiff herein may not recover, or alternatively, may not recover fully.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

I certify that I have conferred in a good faith effort to resolve the issues raised in this motion with counsel for Plaintiff and have been unable to resolve this matter without assistance of this Court.

    Respectfully Submitted,

    **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
    3800 Miami Tower
    100 Southeast Second Street
    Miami, Florida 33131
    (305) 374-4400 Telephone
    (305) 579-0261 Facsimile

By: */s/ Gabriel Z. Coelho*
    ANTHONY P. STRASIUS
    Florida Bar No. 988715
    anthony.strasius@wilsonelser.com
    GABRIEL Z. COELHO

Case No.: 13-CV-62758

Florida Bar. No.: 047685
gabriel.coelho@wilsonelser.com
Gary Gardner (Admitted Pro Hac Vice)
gary.gardner@wilsonelser.com
***Attorneys for Counterclaim Defendant Edward Buckalew, as Executor of the Estate of Jeffrey Buckalew***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **19th day of September, 2014**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties as identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Noticed Electronic Filing.

## SERVICE LIST

| | |
|---|---|
| **Glen H. Waldman**<br>Heller Waldman, P.L.<br>3250 Mary Street<br>Suite 102<br>Coconut Grove, FL 33133<br>Tel: 305-448-4144<br>Fax: 305-448-4155<br>gwaldman@hellerwaldman.com<br>***Counsel for Plaintiff*** | **Richard E. Genter**<br>Law Office of Richard E. Genter<br>610 Old York Road<br>Suite 200<br>Jenkintown, PA 19046<br>Tel: 215-884-8190<br>richard@genterlaw.com<br>***Co-Counsel for Plaintiff*** |
| **Kevin Monroe Vannatta**<br>Lewis Brisbois Bisgaard & Smith<br>200 S.W. 1st Avenue<br>Suite 910<br>Fort Lauderdale, FL 33301<br>Tel: 954-728-1280<br>Fax: 954-728-1282<br>vannatta@lbbslaw.com<br>***Counsel for Columbia Aircraft Sales, Inc.*** | **Dennis M. O'Hara**<br>**Robert C. Bauroth**<br>**Christopher J. Jahr**<br>Wicker Smith O'Hara McCoy & Ford, P.A.<br>SunTrust Center<br>515 East Las Olas Blvd, Suite 1400<br>PO Box 14460<br>Fort Lauderdale, FL 33302<br>Tel: 954-847-4800<br>Fax: 954-760-9353<br>dohara@wickersmith.com<br>rbauroth@wickersmith.com<br>cjahr@wickersmith.com<br>***Local Counsel for Socata, S.A.S. and Socata*** |

1000113v.1

Case No.: 13-CV-62758

*North America, Inc.*

**Brian C. Dalrymple**
**Cameron R. Cloar**
**Paul E. Stinson**
**Domenico Parrella**
Nixon Peabody, LLC
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
Tel: (415) 984-8200
Fax: (415) 984-8300
bdalrymple@nyxonpeabody.com
ccloar@nixonpeabody.com
pstinson@nixonpeabody.com
dperrella@nixonpeabody.com
*Admitted Pro Hac Vice for Socata, S.A.S. and Socata North America, Inc.*

By:  */s/ Gabriel Z. Coelho*
　　　GABRIEL Z. COELHO

1000113v.1