IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

EDWARD BUCKALEW, as Executor of the
Estate of JEFFREY BUCKALEW, deceased,
    And
EDWARD BUCKALEW, as Executor of the
Estate of CORINNE BUCKALEW, deceased,
    And
EDWARD BUCKALEW, as Administrator of
The Estate of JACKSON BUCKALEW, deceased,
    And
EDWARD BUCKALEW, as Administrator of the
Estate of MERIWETHER BUCKALEW, deceased,

                    Plaintiffs,

v.

COLUMBIA AIRCRAFT SALES, INC.,
    And
SOCATA NORTH AMERICA, INC.,
    And
SOCATA, S.A.S.,
    And
DAHER AEROSPACE, S.A.S.

                    Defendants.
_____/

Case No. 13-cv-62758-WPD

## COLUMBIA AIRCRAFT SALES, INC.'S
## OPPOSITION TO PLAINTIFFS' 2ND RENEWED MOTION TO STAY ACTION

Defendant, Columbia Aircraft Sales, Inc. ("Columbia"), by and through its undersigned counsel, files the following memorandum of law in opposition to the plaintiffs' second renewed motion to stay action (D.E. 76). Columbia hereby adopts and incorporates the arguments set forth in the opposition brief of Socata North America, Inc. and Socata, S.A.S. that is being filed concurrently with this opposition, and further asserts that because the Southern District of Florida is the only Court with jurisdiction over all the parties to the actions Plaintiffs have filed or propose to file, was the Court in which the *Plaintiffs* chose to file this lawsuit, was the venue contractually selected by

the parties, is the more convenient forum, and is the location of Columbia's third-party complaint against the United States, the above-captioned lawsuit should be allowed to proceed without hindrance.

## I.    INTRODUCTION

On December 19, 2013, Edward Buckalew ("Buckalew"), as executor or administrator of the Estates of Jeffrey Buckalew, Corrine Buckalew, Jackson Buckalew, and Meriwether Buckalew, filed the above-captioned action for damages resulting from a fatal aviation accident involving a Socata TBM 700 aircraft (the "Aircraft") that occurred on December 20, 2011 near Morristown, New Jersey. The plaintiffs assert causes of action against defendants, Columbia, Socata North America, Inc. and Socata, S.A.S., for product liability and negligence. According to the plaintiffs, Socata, S.A.S. designed and manufactured the Aircraft, while Socata North America, Inc. was involved in its distribution, sale, and marketing. Additionally, Columbia was an authorized sales distributor that sold the Aircraft to Cool Stream, LLC in September 2005. The claims against the defendants in this action and the Connecticut action center entirely on alleged design or manufacturing defects in the aircraft's de-icing system, which was designed and manufactured by Socata in France, and/or alleged inadequacies in the aircraft's flight manual, which was written by Socata in France. [Complaint, ¶¶ 33-59.] To date, Plaintiffs have alleged no facts supporting independent fault on the part of Columbia other than strict liability and breach of implied warranties for its sale of an allegedly defective aircraft pursuant to a purchase agreement with a forum selection and choice of law provision.

The plaintiffs also filed a lawsuit on December 18, 2013 in Connecticut state court in which it alleges claims similar to those raised in the above-captioned action (the "Connecticut Lawsuit"). The plaintiffs again argue in their second renewed motion to stay that the above-captioned action

should be stayed to allow the Connecticut Lawsuit to proceed until various issues involving personal jurisdiction and the enforcement of a contractual forum selection clause are resolved.

## II.     MEMORANDUM OF LAW

### A.     The Southern District of Florida is the Parties' Preferred Forum

Although the plaintiffs assert that their "chosen and desired forum for litigation of these claims is in Connecticut," the parties entered into a contract years prior to the present litigation in which they set forth in no uncertain terms that the Southern District of Florida was their preferred forum. Notably, on September 25, 2005, Columbia and Cool Stream, LLC entered into an aircraft purchase agreement whereby Cool Stream, LLC agreed to purchase the Aircraft from Columbia for $2,350,230.00 (the "Agreement"). Cool Stream, LLC, which was formed on September 21, 2005, is alleged to be a New York limited liability company of which decedent, Jeffrey Buckalew, was the sole member. Additionally, Edward Buckalew is currently listed as Cool Stream, LLC's addressee for service of process on the website for New York's Department of State. (A copy of the New York Department of State website entry for Cool Stream, LLC was previously attached as Exhibit "A" to Columbia's Opposition to Plaintiffs' Renewed Motion to Stay (D.E. 37-1))

Section 8 of the Agreement, which sets forth the parties' choice of law and preferred forum, provides in pertinent part as follows:

> **8.     APPLICABLE LAW, FORUM, PROCEDURES, ETC.**
>
> This Purchase Agreement and the rights of the parties hereto arising directly or indirectly, under or in connection with this Purchase Agreement, shall in every respect be governed by the substantive law of the State of Florida without reference to its conflict of law rules. Buyer and Seller acknowledge and agree that the United States District Court for the Southern District of Florida, or if such court lacks jurisdiction, the 17th Judicial Circuit Court (or its successor) in and for Broward County, Florida, shall be the exclusive venue and proper forum in which to adjudicate any case or controversy arising, directly or indirectly, under or in connection with this Purchase Agreement and/or Buyer's ownership and/or operation of the Products

> purchased pursuant thereto. The parties further agree that, in the event of litigation arising out of or in conjunction with this Purchase Agreement and/or Buyer's ownership and/or operation of the Products purchased pursuant thereto, in these courts, they will not contest or challenge the jurisdiction or venue of these courts. . . .

As indicated above, Columbia and Cool Stream, LLC, an entity whose sole member is Jeffrey Buckalew and for which Edward Buckalew is currently its addressee for service, explicitly chose the Southern District of Florida as "the exclusive venue and proper forum in which to adjudicate any case or controversy arising, directly or indirectly, under or in connection with this Purchase Agreement and/or Buyer's ownership and/or operation of the Products purchased pursuant thereto." Because the plaintiffs' lawsuit clearly arises out of the Agreement and the ownership and/or operation of the Aircraft, the Southern District of Florida is the proper venue for this action and represents the parties' preferred forum.

Plaintiffs' claims in its Second Renewed Motion to Stay (D.E. 76) and Reply in Opposition (D.E. 43) regarding the forum selection clause are just conclusions of law without any factual support. The claims are based upon assumptions of what discovery might disclose and how this Court will interpret the law relative to those facts. The Plaintiffs offer no support for their continued claim that these issues are best decided by the Connecticut court.

### B.   The Southern District of Florida is the More Convenient Forum

In choosing to avail itself of this Court's jurisdiction based on the parties' diversity of citizenship and the amount in controversy, the plaintiffs correctly assert in their renewed motion to stay action (D.E. 26) that the Southern District of Florida is the appropriate venue under 28 U.S.C. § 1391 as one or more defendants are located and/or some of the events giving rise to the causes of action occurred in this District:

> Each of the defendants, either directly and/or through their respective alter-ego or wholly owned United States subsidiaries, and/or through their operating divisions or

> business units, engage in continuous and systematic business activity, and do otherwise transact and conduct business in Florida, and derive substantial revenue from sales, servicing, support, marketing and distribution of their products and services in Florida such that the requirements for general and/or specific jurisdiction, together with the requisite minimum contact requirements, are satisfied.

Plaintiffs' renewed motion to stay action at ¶¶ 14-15 (D.E. 26).

The same, however, cannot be said of Connecticut, which bears only a tenuous connection to the plaintiffs' claim. Although, as the plaintiffs indicate, the Agreement was entered into in Connecticut, that Agreement, as noted above, explicitly provides that Florida law governs and that the Southern District of Florida is the proper forum for resolving any dispute arising therefrom. Moreover, Columbia, which is the sole party with Connecticut citizenship (*i.e.*, Columbia is an active Connecticut corporation that maintains its principal place of business in Groton, Connecticut), opposes the plaintiffs' second renewed motion to stay (D.E. 76) the above-captioned action.

Indeed, the plaintiffs have not presented any reasonable explanation as to why their action should not proceed in this Court. Although the plaintiffs infer that the Connecticut Lawsuit should take preference as the "first-filed" action, this Court recently held that the "first-filed" rule only applies to competing federal actions and has no bearing on determining the proper forum as between a federal and state court. *See Sini v. Citibank, N.A.*, Case No. 13-CV-22844-WILLIAMS, 2014 U.S. Dist. LEXIS 27738, at *8-11 (S.D. Fla. Feb. 19, 2014). The plaintiffs also contend, without any factual support, that the continuation of the above-captioned action would "result in the unnecessary expenditure of time and resources of this court and the parties" and that "[t]herefore, sound judicial administration supports the staying of this action until all pending and/or future motions to dismiss are resolved in the Connecticut action." However, in light of the possibility that, as the plaintiffs anticipate, the defendants will challenge jurisdiction and/or venue in the Connecticut Lawsuit, it is more likely that, if anything, the time and resources of the Connecticut state court may be wasted. In

fact, the very existence of these jurisdictional and venue issues in the Connecticut Lawsuit belies the plaintiffs' argument and instead provides grounds for allowing the above-captioned action to proceed unimpeded in this Court.

### C. The Third-Party Complaints by Columbia and the Socata Defendants Against the United States Necessitates That This Lawsuit Proceed in the Southern District of Florida

On May 5, 2014, Columbia filed a third-party action against the United States for indemnity and contribution with respect to any damages that Columbia may suffer as a result of the plaintiffs' allegations in the above-captioned action or the Connecticut Lawsuit (D.E. 24). Specifically, Columbia asserts that because the United States, through the Federal Aviation Administration and the National Weather Service, employed air traffic controllers, meteorologists, and other personnel that committed acts or omissions that led to the fatal aircraft accident that is the subject of the plaintiffs' lawsuits, it is responsible for providing indemnity and contribution. A similar third-party action was also filed by Socata North America, Inc. and Socata, S.A.S on May 5, 2014 (D.E. 23).

Pursuant to 28 U.S.C. § 1346(b)(1), this Court has exclusive jurisdiction over these third-party actions against the United States, which cannot be advanced in the Connecticut Lawsuit. To allow the Connecticut Lawsuit to go forward at the expense of these pending third-party claims in this action would therefore result in piecemeal litigation and the potential for inconsistent results. In the interest of achieving a full resolution of this dispute, the Court should therefore allow the above-captioned action to proceed.

### III. CONCLUSION

As set forth above, the Southern District of Florida is the parties' preferred forum for this dispute as set forth in the September 25, 2005 Agreement, is the only Court with jurisdiction over all the parties to the actions Plaintiffs have filed or propose to file, was the Court in which the *Plaintiffs*

chose to file this lawsuit, is the more convenient forum for the adjudication of this matter, and is the necessary forum for the defendants' third-party complaints against the United States. Accordingly, the above-captioned should be permitted to proceed without delay and should not be stayed in favor of the Connecticut Lawsuit. The Plaintiffs' Second Renewed Motion to Stay Action (D.E. 76) should be denied.

Respectfully submitted,
*Counsel for Columbia Aircraft Sales, Inc.*

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

/s/Kevin M. Vannatta
Kevin M. Vannatta, Esq.
200 SW 1st Avenue, Suite 910
Fort Lauderdale, FL 33301
(954)728-1280
(954)728-1282 fax
Kevin.vannatta@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October, 2014, I have electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of the electronic filing to the follow counsel of record:

Glen H. Waldman, Esq.
Heller Waldman, P.L.
3250 Mary Street, Suite 102
Coconut Grove, FL 33133
(305)448-4144
gwaldman@hellerwaldman.com

Richard E. Genter, Esq.
*(Pro Hac Vice to be submitted)*
610 Old York Road, Suite 200
Jenkintown, PA 19046
(215)884-8190
richard@genterlaw.com

Domenico Perrella, Esq.
Brian Dalrymple, Esq.
Nixon Peabody LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600
(415)984-8413
dperrella@nixonpeabody.com
bdalrymple@nixonpeabody.com

Dennis O'Hara, Esq.
Robert C. Bauroth, Esq.
Christopher J. Jahr, Esq.
Wicker Smith O'Hara McCoy & Ford PA
Sun Trust Center
515 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
dohara@wickersmith.com
rbauroth@wickersmith.com
cjahr@wickersmith.com

Debra Fowler, Esq.
Eric S. Johnson, Esq.
U.S. Department of Justice
Torts Branch Civil Division
P.O. Box 14271
Washington, DC 20044

Debra.fowler@usdoj.gov
Eric.johnson5@usdoj.gov

Anthony P. Strasius, Esq.
Gabriel Z. Coelho, Esq.
Wilson, Elser, Moskowitz, Edelman, & Dicker, LLP
3800 Miami Tower
100 SE 2nd Street
Miami, FL 33131
Anthony.strasius@wilsonelser.com
Gabriel.coelho@wilsonelser.com

Respectfully submitted,

__/s/Kevin M. Vannatta__
Kevin M. Vannatta
Florida Bar No. 872946

LEWIS BRISBOIS BISGAARD & SMITH, LLP
110 S.E. 6th Street, Suite 2600
Fort Lauderdale, FL 33301
(954)728-1280
(954)728-1282 fax
Kevin.vannatta@lewisbrisbois.com
***Attorney for Columbia Aircraft Sales, Inc.***