IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| EDWARD BUCKALEW, as Executor of the Estate of JEFFREY BUCKALEW, Deceased, and | : : : | No. 0:13-cv-62758-WPD |
| EDWARD BUCKALEW, as Executor of the Estate of CORINNE BUCKALEW, Deceased, and | : : : | |
| EDWARD BUCKALEW, as Administrator of the Estate of JACKSON BUCKALEW, Deceased, and | : : : : | |
| EDWARD BUCKALEW, as Administrator of the Estate of MERIWETHER BUCKALEW, Deceased, | : : : : | JURY TRIAL DEMANDED |
| Plaintiffs v. | : : : | |
| COLUMBIA AIRCRAFT SALES, INC., and SOCATA NORTH AMERICA, INC., and SOCATA, S.A.S., and DAHER AEROSPACE, S.A.S. | : : : : : : : : | |
| Defendants | : | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF
SECOND RENEWED MOTION TO STAY ACTION**

I. **INTRODUCTION**

On October 14, 2014, defendant Columbia and the Socata defendants filed their briefs in opposition to Plaintiffs' Second Renewed Motion to Stay (DE 79 and DE 80, respectively). Pursuant to L.R. 7.1(c), plaintiffs hereby timely file this Reply Brief.

**II.     AN ACCURATE DESCRIPTION OF PLAINTIFFS' CLAIMS ARISING FROM THIS ACCIDENT AND AN ACCURATE STATEMENT OF THE RELEVANT PROCEDURAL HISTORY IN THIS COURT AND IN THE CONNECTICUT ACTION**

As part of their repeated efforts to argue that plaintiffs have engaged in a "concerted effort at forum shopping", the defendants continue to distort, misapprehend, or worse, misrepresent the steps plaintiffs have taken to preserve and prosecute their wrongful death claims arising out of this accident.

The defendants refuse to even acknowledge, let alone concede, that Connecticut is, and always has been, not only plaintiffs' chosen and desired forum for litigating their product liability claims against them, but that Connecticut is a **proper** forum for plaintiffs' claims and not simply a forum chosen as part of some grand "forum shopping" scheme as the defendants accuse.

The subject aircraft was purchased in Connecticut and sold by a seller, Columbia, whose only sales office is located in Connecticut and who is the Socata defendants' exclusive distributor in that state and 13 other states as well.  A product sold in Connecticut by a Connecticut company is and should be subject to Connecticut's product liability laws and statutes.  In fact, under Connecticut product liability law, plaintiffs' could have elected to sue <u>only</u> Columbia as a "product seller", even though they did not design or manufacture the product in question.[1]

In the case at bar, the defendants are asking this Court to penalize the plaintiffs because their undersigned counsel (who, after reading the written Sales Agreement

---

[1] Under Conn. Gen. Stat. § 52-572(m), a "product seller" means any person or entity, including a manufacturer, . . .or retailer who is engaged in the business of selling such products. . . .  Thus, had plaintiffs sued only Columbia, it would have been up to Columbia to join the Socata defendants in the Connecticut action, and plaintiffs' Connecticut action against Columbia can still proceed in that jurisdiction even if the Socata defendants were ultimately dismissed for lack of personal jurisdiction, regardless who had joined them.

2

between Cool Stream and Columbia, and who, based on prior litigation experience with the Socata defendants, knew that those defendants challenged personal jurisdiction virtually everywhere in the United States but Florida), had the foresight to conclude that it would be prudent to file a savings or protective action in Florida, solely for the reasons which are by now well known to the Court and the parties and hardly need repeating.

What if plaintiffs did not have the benefit of their counsel's foresight, or what if plaintiffs had not filed in Florida at all?  The answer is simple:  (1) the Connecticut action would still be pending; (2) neither the Socata defendants nor Columbia could have joined the United States of America as a third party defendant in the Connecticut action; (3) the Socata defendants could still mount their *in personam* jurisdiction challenge in the Connecticut action, and (4) Columbia could still ask the Connecticut court to invoke the forum selection clause contained in the written Sales Agreement with non-party Cool Stream which it still has not done in that Court to this date, having only invoked that clause before this Court.

Under the circumstances presented here, abstention under *Colorado River* is warranted, especially since there is simply no harm or prejudice to any of the defendants if this Court were to enter a stay of limited duration so that the Connecticut action could proceed forward and the threshold issues of jurisdiction and/or applicability of the forum selection clause could be addressed and ruled upon by that Court.

Furthermore, the defendants' suggestion that Columbia is merely "a reseller of Socata aircraft in the Northeast" is, to be kind, not credible.  It is undisputed that the U.S. is Socata's largest sales market in the world.  Columbia is one of Socata's largest distributors, if not its largest in North America.  In order to sell its aircraft in this country

3

Socata SAS in France transfers title of newly manufactured aircraft to Socata North America in Florida and then Socata North America transfers title to Columbia so that Columbia can then sell the aircraft to the retail customer who is now the original consumer purchaser of a new Socata TBM.  Every step of this sales, delivery and downstream distribution process is dictated, overseen and controlled by the Socata defendants.  In fact, why in the world would Columbia, based solely in Connecticut, have a forum selection clause in their written Sales Agreement directing that litigation be filed in the United States District Court for the Southern District of Florida, if it weren't for the fact that the Socata defendants insist on such a clause and insert that clause in the standard new aircraft sales agreement which is actually prepared and written by Socata, not Columbia.

The defendants' suggestion that plaintiffs offer no explanation why they would not file their lawsuit against the United States of America directly in this Court (other than to forum shop), is both disingenuine and without merit.  On the contrary, Socata's national aviation counsel are well aware that under 28 U.S.C. § 1404 to the extent the United States elects to transfer plaintiffs' case to this Court or some other court for that matter, it is the law of the "transferor" court which applies to plaintiffs' claims.  *See*, *Van Dusen v.* Barrack, 376 U.S. 612 (1964) and its progeny.  Thus, if plaintiffs filed their case against the United States in Florida, it would be tantamount to plaintiffs seeking the application of Florida law to their claims.  Rather, venue for plaintiffs' direct claims against the United States is only proper under 28 U.S.C. § 1402(b) in Virginia or New York.  Moreover,  counsel for the defendants are also well aware that there was another passenger onboard this aircraft by the name of Rakesh Chawla and the attorneys for

4

the estate of Mr. Chawla have also filed administrative claims against the United States and the Chawla Estate will also be filing their case in New York, most likely in the United States District Court for the Southern District of New York where Mr. Chawla resided.  It is respectfully submitted that the United States will not likely seek a § 1404(a) transfer since the Southern District of Florida is actually inconvenient to the United States' witnesses.

The defendants' reference to the fact that there have been seventy-three (73) more docket entries in this Court since the filing of plaintiffs' Complaint misses the mark. Rather, most, if not all of those filings are a function of the defendants' maneuverings to prevent this case from being stayed and to prevent this case from going forward in Connecticut.  To be clear, the timing of the joinder of the United States in this action was the result of "gamesmanship", timed solely for strategical purposes by the defendants to thwart plaintiffs' request to stay this case.

Furthermore, the defendants' suggestions that plaintiffs have not opposed the Socata defendants' motions to dismiss and/or Columbia's forum *non conveniens* motion are simply not true.  On the contrary, plaintiffs' filings in the Connecticut action confirm that plaintiffs oppose the merits of Columbia's motion and also oppose the merits of the Socata defendants' motions to dismiss. (*See,* Exhibits "1", "2" and "3" attached).

Finally, contrary to defendants' suggestions, plaintiffs are not arguing that the "first-filed" rule applies here.  On the contrary, plaintiffs merely contend that under *Colorado River*, the circumstances presented here warrant the grant of a limited stay.

**III.   ARGUMENT**

The law applicable to resolving Plaintiffs' Renewed Motion to Stay is well settled. To determine whether abstention is merited under *Colorado River,* a court must first decide whether there is a parallel state action — that is, "one involving substantially the same parties and substantially the same issues." *See, Jackson-Platts v. Gen. Elec. Capital Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013) (citing *Ambrosia Coal*, 368 F.3d at 1330). Should the Court determine that the two actions are parallel, then the Court must weigh six factors in determining whether abstention is appropriate: (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties. *Jackson-Platts*, 727 F.3d at 1141 (citing *TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1294 (11th Cir. 1998)). Although the Court should weigh these factors with a "heavy bias favoring the federal courts' obligation to exercise the jurisdiction that Congress has given them", no single factor is necessarily dispositive or determinative. *Jackson-Platts*, 727 F.3d at 1141. More importantly, this test should be applied in a "pragmatic, flexible manner with a view to the realities of the case at hand", and not as "mechanical check list". *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 21, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983). However, a single factor "can be the sole motivating reason for ordering abstention. *Moorer v. Demopolis Waterworks & Sewer Bd.,* 374 F.3d 994, 997 (11th Cir. 2004). Here, the "realities of the case at hand" support the entry of a stay.

### A. The Actions Are Parallel

In order to be considered parallel for purposes of *Colorado River* abstention, the state and federal cases need not share identical parties and issues, and the addition of the federal defendants here in this action by itself does not destroy the parallel nature of this case. *Ambrosia Coal and Construction Co. v. Pages' Morales*, 368 F.2d 1320, 1330 (11th Cir. 2004) (*citing, Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988).

Furthermore, in *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 17 n.2 (1983), the Supreme Court has explained that a district court should evaluate "the vexatious or reactive nature of either the federal or the state litigation" in determining whether to defer to a parallel litigation and that abstaining when litigation is reactive or vexatious furthers the important policy of prohibiting forum shopping. *See, Allied Machinery Serv. Inc. v. Caterpillar, Inc.,* 841 F. Supp. 406, 410 (S.D. Fla. 1993), and *Bosdorf v. Beach*, 79 F. Supp. 2d 1337 (S.D. Fla. 1999). Here, there was nothing vexatious or reactive about the filing of plaintiffs' second action in Florida; rather, it was specifically denominated as a savings or protective action only. On the contrary, it is the defendants' joinder of the United States which was the "reactive" filing done solely to attempt to defeat plaintiffs' request to stay. It should not be forgotten that the Socata defendants and defendant Columbia admit that in this litigation they will ask this Court to apply Florida law to all of plaintiffs' claims, thus rendering their claims for contribution and/or indemnity a nullity. In short, it is the defendants, not plaintiffs, who are doing the "forum shopping", all in an effort to deprive plaintiffs of their desired forum to litigate.

7

*Broaddus v. AAA Mid-Atlantic, Inc.,* 2014 U.S. Dist. LEXIS 69120 (M.D. Fla., Orlando Div. 2014).[2]

### B.   Exceptional Circumstances Exist To Warrant Abstention

Several recent cases granting the entry of a limited stay confirm the flexible nature of the application of the *Colorado River* doctrine, especially where the litigation filed in state and federal court requires duplication of resources and potentially conflicting decisions based on the same evidence.  *See*, *Sini v. Citibank, N.A.*, 990 F. Supp. 2d 1370 (S.D. Fla. 2014); 2014 U.S. Dist. LEXIS 27738; 2014 WL 793085 (finding that the two cases, although not "identical" were so inextricably intertwined in both their factual and legal issues that dual litigation would likely result in deleterious duplication of judicial resources and further finding that the parallel cases presented a serious danger of "abnormally excessive or deleterious" piecemeal litigation); *SE Prop. Holdings, LLC v. Parks*, 2014 U.S. Dist. LEXIS 100661; 2014 WL 3687226 (S.D. Ala. 2014) (court finding that the potential for piecemeal litigation heavily weighed in favor of abstention); *Sides v. Simmons*, 2007 U.S. Dist. LEXIS 82833; 2007 WL 3344405 (S.D. Fla. 2007) (court holding that "deferring jurisdiction to the court where the case was first filed protects the neutrality of the federal system, reasoning that it would be illogical to give full faith and credit to the judgment of other courts while encouraging a race to judgment by permitting two suits involving substantially the same parties and issues to go forward"); *Brown v. Blue Cross and Blue Shield of Fla., Inc.*, No. 11-80390-CIV, 2011 U.S. Dist. LEXIS 153156, 2011 WL 11532078, at *8 (S.D. Fla. Aug. 8, 2011) (the Court, after determining the two actions at issues were parallel, found that a stay was

---

[2] The defendants actually began their forum shopping at the time of sale by inserting the forum selection clause in the Sales Agreement and have merely continued their forum shopping efforts ever since.

8

warranted since the principals underlying the *Colorado River* doctrine stem from "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources. . .").

## III. CONCLUSION

For all the foregoing reasons, together with reasons set forth in Plaintiffs' Opening Brief [DE 76], Plaintiffs' respectfully request that their Second Renewed Motion to Stay be granted.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES TRIABLE AS OF RIGHT.**

Date:  October 21, 2014

Respectfully submitted,

*Counsel for the Plaintiffs*

**HELLER WALDMAN, P.L.**

*/s/ Glen H. Waldman*
Glen H. Waldman, Esquire
3250 Mary Street, Suite 102
Coconut Grove, FL  33133
Telephone:  305-448-4144
E-mail:  gwaldman@hellerwaldman.com

and

**LAW OFFICE OF RICHARD E. GENTER**

*/s/ Richard E. Genter*
Richard E. Genter, Esquire
(Admitted *Pro Hac Vice*)
610 Old York Road, Suite 200
Jenkintown, PA  19046
Telephone:  (215) 884-8190
E-mail:  richard@genterlaw.com

*Counsel for Plaintiffs EDWARD BUCKALEW, Executor of the Estate of JEFFREY BUCKALEW, Deceased; EDWARD BUCKALEW, Executor of the Estate of CORINNE BUCKALEW, Deceased; EDWARD BUCKALEW, as Administrator of the Estate of JACKSON BUCKALEW, Deceased, and EDWARD BUCKALEW, as Administrator of the Estate of MERIWETHER BUCKALEW, Deceased*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of October, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.

                                              /s/ Glen H. Waldman
                                              Glen H. Waldman