IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| EDWARD BUCKALEW, as Executor of the Estate of JEFFREY BUCKALEW, Deceased, et al., | : : : : | No. 0:13-cv-62758-WPD |
| Plaintiffs | : : | |
| v. | : : | |
| COLUMBIA AIRCRAFT SALES, INC., et al. | : : | |
| Defendants | : | |

**PLAINTIFFS' AMENDED[1] REPLY TO DEFENDANT COLUMBIA AIRCRAFT SALES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL <u>AGAINST DEFENDANT COLUMBIA AIRCRAFT SALES, INC., ONLY</u>**

---

[1] Amendment is correcting Scrivener's Error at Section II(A)(3), paragraph 2, line 5 on page 4 and Section II(A)(6), paragraph 2, line 2 on page 7.

**I.      INTRODUCTION**

Columbia's Response in Opposition argues, in essence, that Buckalew can **never** (not now, not later, not **ever**) obtain a voluntary dismissal of his Florida action against Columbia (or against the Socata defendants, for that matter).  That view is not supported by law, nor can that view possibly be what this Court intended when, in denying plaintiffs' Second Renewed Motion for Motion to Stay, this Court stated that it did **"**not believe that discovery in this action will be a waste of the parties resources, **even in the event that the Plaintiff ultimately proceeds with the Connecticut action in favor of this one**".   (DE 84 at pg. 4) (emphasis added).

**II.      ARGUMENT**

   **A.      Columbia Will Not Suffer Clear Legal Prejudice Or Lose Any Substantial Right If Dismissed From This Case**

In its Brief, Columbia unconvincingly creates (or worse, fabricates) scenarios to support its claim that dismissal from the Florida action would cause Columbia clear legal prejudice.

   **1.      Any Prejudice To Columbia's Connecticut *Forum Non Conveniens* Motion Is A Self-Inflicted Wound**

In the Connecticut action, Columbia made a strategic decision to file on July 23, 2014, a Motion to Dismiss for *Forum Non Conveniens* or, In the Alternative, a Stay Of Proceedings in Connecticut in favor of the action pending in this Court.  Although Connecticut Practice Book § 10-30(c) states that the motion to dismiss "shall always be filed with a supporting memorandum of law and, where appropriate, with supporting affidavits as to facts not apparent on the record", Columbia has twice asked the Connecticut Court to defer that mandatory briefing requirement.

At the same time Columbia was delaying the Connecticut action whenever possible, Columbia was arguing in this Court that the forum selection clause in the Purchase Agreement between Columbia and Cool Stream, LLC ("Cool Stream") required that plaintiffs' claims be brought only in Florida.  Specifically, on May 27, 2014, Columbia argued:

> ". . . , Columbia and Cool Stream, LLC, an entity whose sole member is Jeffrey Buckalew and for which Edward Buckalew is currently its addressee for service, explicitly chose the Southern District of Florida as "the exclusive venue and proper forum in which to adjudicate any case or controversy arising, directly or indirectly, under or in connection with this Purchase Agreement and/or buyer's ownership and/or operation of the Products purchased pursuant thereto."  <u>Because the plaintiffs' lawsuit clearly arises out of the Agreement and the ownership and/or operation of the Aircraft</u>, the Southern District of Florida is a proper venue for this action and represents the parties' preferred forum.  (emphasis added).

(DE 37 at pgs. 3-4).  Again, on October 14, 2014 Columbia reiterated its position on the forum selection clause as follows:

> Although plaintiffs assert that their "chosen and desired forum for litigation of these claims is in Connecticut," the parties entered into a contract years prior to the present litigation in which they set forth <u>in no uncertain terms that the Southern District of Florida was their preferred forum</u>. . . .(emphasis added).
>
> . . .
>
> Plaintiffs' claims in its Second Renewed Motion to Stay (D.E. 76) and Reply in Opposition (D.E. 43) regarding the forum selection clause are just conclusions of law without any factual support.

(DE 79 at pgs. 3-4).

To their credit, Columbia devised a clever strategy:  file a Motion to Dismiss in Connecticut simply as a "placeholder" (without briefing or arguing that motion) and then use that motion as a "shield" to slow down and even to prevent merits discovery in Connecticut, and also use that motion as a "sword" in the Florida action to keep alive

2

the forum selection clause defense in order to prevent Buckalew from ever returning to Connecticut. However, now, like a child caught with his hand in the cookie jar, Columbia cries foul simply because its improper and prejudicial strategy has been uncovered for the artifice it really is.

### 2. Columbia Has Taken Inconsistent Legal Positions To The Detriment Of Plaintiffs And The Court

Columbia now contends that its previous statements to this Court that "the parties entered into a contract years prior to the present litigation in which they set forth in no uncertain terms that the Southern District of Florida was their preferred forum" is not an inconsistent statement or position, since when it made that argument "[t]he 'parties' who 'entered into [that] contract' could only have been referring to the Columbia and Socata Parties' Socata TBM 700 Distributorship Agreement contract. . .". (DE 102 at pg. 18 fn. 7). (emphasis added).

With all due respect to Columbia's counsel, it's one thing to advance a creative argument based on contentions that have evidentiary or legal support. However, it's quite another thing to make frivolous arguments that are ridiculous and insulting to counsel, and more importantly, to this Court. Nowhere in its two opposition briefs, (DE 37 and DE 79), is there any mention, reference, hint, or suggestion that the contract Columbia was referring to was the Socata-Columbia TBM Distributorship Agreement. Rather, both of those briefs refer solely and exclusively to the Columbia and Cool Stream Purchase Agreement. Quite frankly, this new argument in footnote 7 of Columbia's opposition brief is so beyond the pale that it constitutes a clear violation of Rule 11(b)(1)-(4) and it would not be inappropriate here for this Court to consider the entry of a show cause order under F.R.C.P. 11(c)(3).

3

### 3. What Constitutes Clear Legal Prejudice Sufficient To Deny Plaintiffs' Motion

In *Arias v. Cameron,* 2015 U.S. App. LEXIS 785 (11th Cir., Jan. 20, 2015), the Court reiterated this Circuit's adherence to the legal tests and principles set forth in *McCants v. Ford Motor Co.,* 781 F.2d 855 (11th Cir. 1986) and *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253 (11th Cir. 2001) and their progeny.

Columbia has not cited any case (from any jurisdiction) holding that a potential weakening (or even a loss) of a pending *forum non conveniens* motion **in another jurisdiction** constitutes clear legal prejudice or the loss of a substantial right sufficient to deny of plaintiffs' Rule 41(a)(2) motion. On the contrary, a closer examination of the Eleventh Circuit's decision in *Arias* reveals that Columbia's suggestion that it does, lacks merit.

In *Arias,* plaintiff filed suit in George state court. The defendants removed the case to federal court and filed a Rule 12 motion to dismiss arguing improper service of process resulting in plaintiff's claims being time barred under Georgia's two-year statute of limitations. Later, the defendants then filed an Answer, accompanied by a Rule 12(c) motion for judgment on the pleadings, making the same arguments concerning improper service and the statute of limitations expiration. Plaintiff's filed a motion for voluntary dismissal pursuant to F.R.C.P. 41(a)(2), for the express purpose of allowing plaintiff to take advantage of Georgia state law permitting a litigant to re-file a case within six months of a voluntary dismissal after the expiration of the statute of limitations, when the original action was filed within the applicable statute of limitations, as was the case in *Arias*.

In upholding the district court's grant of plaintiffs' motion for voluntary dismissal, the *Arias* Court noted that the defendants effectively "created" the very statute of limitations defense that they now complain that they have been "stripped" of – a defense that did not even arguably exist until they removed the case to federal court. In the case at bar, the *forum non conveniens* motion in the Connecticut action is also something "created" (and deliberately "tabled") by Columbia for the purpose of implementing Columbia's overall strategy to keep the forum selection clause defense alive in Florida in order to prevent plaintiffs from ever returning to Connecticut. *Also see*, *Goodwin v. Reynolds,* 757 F.3d 1216 (11th Cir. 2014) (after reiterating that "court's task is to 'weigh the relevant equities and do justice between the parties'", Court held that defendant's loss of their preferred federal forum by removal from state court did not amount to clear legal prejudice).

### 4. The First Time Columbia Confirmed That The Forum Selection Clause Was Inapplicable To Plaintiffs' Claims Was In December 2014

The argument that Buckalew has known since July 2014 Columbia's position that the forum selection clause was not relevant to plaintiffs' claim in Connecticut is completely belied by the pleadings filed by Columbia in the Florida action. (DE 37 and DE 79). The argument also defies logic. Given that plaintiffs have filed multiple motions to stay this case for the sole purpose of allowing the Buckalew action in Connecticut to proceed, is it really plausible to believe that had Buckalew's counsel actually known that in the Connecticut action Columbia had conceded that the forum selection clause was, in essence, being waived, that Buckalew's counsel would have done nothing about, or not acted on, that concession? That makes no sense whatsoever. Rather, the only

logical explanation is what has actually occurred here; that is, as soon as Columbia confirmed its position on the record in December 2014, Buckalew's counsel promptly moved for a Motion for Voluntary Dismissal of Columbia from the Florida action.[1]

### 5. Columbia's Proposed Joinder of Cool Stream, LLC

Columbia's argument surrounding the proposed joinder of Cool Stream, LLC ("Cool Stream"), is not credible.  Specifically, Columbia now claims that Cool Stream can only be sued in Florida and if Columbia attempts to sue Cool Stream in Connecticut, it would prejudice their *forum non conveniens* motion.  By advancing this argument here, Columbia has actually confirmed the following:

a. Since Cool Stream has no other presence in or connection to Florida, the argument that Cool Stream can only be sued in Florida can only be based on the forum selection clause in the Purchase Agreement between Columbia and Cool Stream, and as such, by taking this position Columbia confirms that in their Connecticut *forum non conveniens* motion, it planned to argue (at least in some fashion) that the forum selection clause applied;

b. Columbia wants to join Cool Stream in Florida so that it can now argue that since the forum selection clause applies, this supports keeping the Buckalew wrongful death claims "trapped" in Florida;

c. Since the forum selection clause is the basis for Cool Stream's joinder, then that clause, by its terms, mandates that Florida law apply to all of substantive issues and claims, without reference to Florida's conflict of law rules; and,

d. Therefore, if Florida law applies (which it must and which defendants have urged in other pleadings) then Columbia's proposed third-party complaint against Cool Stream for equitable indemnification and contribution should be denied because Florida law no longer recognizes those claims.

It is precisely this circular logic that runs throughout all of Columbia's arguments. They have made, and continue to make, inconsistent arguments in the two pending cases, for the sole purpose of forcing this case to proceed in Florida, and only in

---

[1] *Also see,* Genter Decl. and Faxon Decl. and Plaintiffs' Reply to the Socata Defendants' Opposition to Plaintiffs' Motion for Voluntary Dismissal which are incorporated herein.

6

Florida.  Under the circumstances, a weighing of the equities under this Court's Rule 41(a)(2) analysis clearly points towards granting Plaintiffs' Motion for Voluntary Dismissal of Columbia.[2]

### 6. Columbia Should Not Have Asked The Court In Connecticut To Defer Ruling On Its *Forum Non Conveniens* Motion

Relying on *Durkin v. Intevac, Inc.*, 258 Conn. 454 (2001) to suggest that its Connecticut *forum non conveniens* motion has merit, Columbia requests that this Court deny without prejudice plaintiffs' Rule 41(a)(2)  motion until the Connecticut Court rules on Columbia's motion, a motion which Columbia has taken no action on other than request that it be deferred indefinitely.  (DE 102 at pgs. 14-15).

Aside from the absurdity of Columbia's request, *Durkin* is totally distinguishable from the Buckalew case and does not support Columbia's position.  *Durkin* was a product liability case arising out of the mid-air collision of two Australian military helicopters conducting a training exercise in Australia.  The collision killed 18 Australian military personnel, making it the largest peacetime military disaster in Australia since 1964.  All plaintiffs in *Durkin* were Australian citizens.  The accident was thoroughly investigated by an Australian Army Board of Inquiry which took recorded interviews of 144 witnesses, nearly all of whom were Australian.  Upon that factual background, the *Durkin* court held that the trial court abused its discretion in denying the defendant's motion to dismiss on the ground of *forum non conveniens*.  Buckalew is nothing like *Durkin*.

Post-*Durkin*, Connecticut courts have continued to adhere to that decision's guiding legal principles that (1) unless the balance is strongly in favor of defendant(s),

---

[2]  *Also see,* Declaration of Edward Buckalew, attached as Exhibit "1".

7

plaintiffs' choice of forum should rarely be disturbed, (2) invoking the doctrine of *forum non conveniens* is a drastic remedy and (3) plaintiffs' choice of forum, even if chosen because it provides plaintiff with certain procedural or substantive advantages, should be respected unless equity weighs strongly in favor of defendants.  *See, generally, Temlock v. Temlock,* 95 Conn. App. 505, 898 A.2d 209, 2006 Conn. App. LEXIS 226 (App. Ct., May 23, 2006).[3]

Finally, in *Deutsche Bank AG v. Sebastian Holdings, Inc., supra,* the court deemed it preferable to rule on *forum non conveniens* issues before addressing challenges to personal jurisdiction.  Of course, for Columbia to have asked the Court in Hartford to do that would have been inconsistent with the defendant's overall strategy of delaying the Connecticut case at all costs.  Columbia's *forum non conveniens* motion in Connecticut is, in the words of the *Arias* court, "by no means, a certain winner" and since, under the circumstances, it lacks merit, Columbia will not "even arguably suffer any cognizable prejudice as a result of the voluntary dismissal".  (*See*, *Arias v. Cameron*, 2015 U.S. App. LEXIS 785 at *1, and *12).

  **B.** **Columbia's Rights To Participate In Discovery Of The United States Will Not Be Lost Or Impaired In The Slightest**

Columbia argues that the provisions of 49 C.F.R. Subtitle A, Part 9 create "clear legal prejudice" if it is dismissed under Rule 41(a)(2).  This is not so.  On the contrary, those regulations contemplate the possibility of multiple legal proceedings and protect

---

[3] Since *Durkin,* Connecticut courts have not hesitated to deny *forum non conveniens* motions.  *See, Deutsche Bank AG, v. Sebastian Holdings, Inc.,* 2014 Conn. Super. LEXIS 1680, 2014 WL 4056951 (Superior Court, June 4, 2014); *Mathis v. Marriott Int'l., Inc.,* 2014 Conn. Super. LEXIS 2230 (Super. Ct., Sept. 12, 2014); *Head United States v. Amer Sports Winter & Outdoor Americas*, 2013 Conn. Super. LEXIS 653, 2013 WL 1493032 (Super. Ct., Mar. 22, 2013); *Boston Prop. Exch. Transfer Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 2012 Conn. Super. LEXIS 2578, 2012 WL 5476911 (Super. Ct., Oct. 16, 2012).

8

the interest of all parties or "potential parties".  Specifically, 49 C.F.R. Section 9.9(d) provides:

> (d)     Where multiple legal proceedings concerning those circumstances are pending, **or can occur**, it shall be the duty of the private litigant seeking the testimony to ascertain, to the extent feasible, the identities of all parties, **or potential parties**, to those proceedings and **notify them** that a deposition has been granted and **that they have the opportunity to participate**.  The private litigant shall submit an affidavit or certification describing the extent of the search for parties **and potential parties** and listing the names of the parties **and potential parties notified**.  (emphasis added).

49 C.F.R. §9.15 (a)(6) also provides that the required request to agency counsel include [p]ursuant to §9.9(d) of this part, an affidavit or certification describing the extent of a search of parties **and potential parties** and listing the names of the parties **and potential parties notified**. . .".  (emphasis added).

Here, Columbia's rights, as a party, potential party, or even a party in the Buckalew Connecticut action, are all protected under these regulations.   Any party, in any case, must follow the regulations, which include certifying that Columbia was notified of any depositions and permitted to participate.  This is true even if Columba wanted to participate for the sole purpose of a future contribution or indemnity action it brought against the United States **after** the conclusion of  Buckalew's Connecticut action.[4]

Finally, as to Columbia's lack of "party" status argument, and even though that contention fails to rise to the level of clear legal prejudice or the loss of a substantial right, this Court could grant plaintiffs' voluntary dismissal motion and still allow Columbia third party action against the United States to proceed.  In fact, in its Order Denying

---

[4] Contrary to Columbia's argument, the regulations also allow for multiple witness depositions where an employee has already provided testimony.  *See*, 49 C.F.R. 9.9(e).

9

United States' Motion to Dismiss Third Party Complaints, (DE 72), this Court's rationale for permitting Columbia's third party claims related to the Connecticut action to proceed was based on accepting the defendant's position that they were seeking contribution or indemnity against the United States in this Court only **if they were held liable in the Connecticut action**. Thus, any perceived deprivation by Columbia about losing "party status" could be remedied by allowing its third party claim to continue, with plaintiffs' direct claims against Columbia proceeding in Connecticut. In that fashion, Columbia can participate in, and initiate, any discovery it wanted (although to date it has not conducted any discovery against the United States) and Columbia would have the benefit of this Court's oversight and protection.[5]

### III. CONCLUSION

For all the foregoing reasons, together with the reasons set forth in plaintiffs' opening brief (DE 93), plaintiffs respectfully request that their Motion for Voluntary Dismissal be granted. Furthermore, although this Court has already granted the defendants' Request for Hearing, it is respectfully submitted that a hearing is not necessary.

---

[5] Even if Buckalew ultimately elects to proceed against Socata in Connecticut (which is likely), their third party complaint against the United States could also continue, with discovery in Buckalew's New York FTCA case coordinated by agreement of the parties, or pursuant to 28 U.S.C. § 1407.

10

Date: March 9, 2015

Respectfully submitted,

*Counsel for the Plaintiffs*

**HELLER WALDMAN, P.L.**

*/s/ Glen H. Waldman*
Glen H. Waldman, Esquire
3250 Mary Street, Suite 102
Coconut Grove, FL 33133
Telephone: 305-448-4144
E-mail: gwaldman@hellerwaldman.com

and

**LAW OFFICE OF RICHARD E. GENTER**

*/s/ Richard E. Genter*
Richard E. Genter, Esquire
(Admitted *Pro Hac Vice*)
610 Old York Road, Suite 200
Jenkintown, PA 19046
Telephone: (215) 884-8190
E-mail: richard@genterlaw.com

*Counsel for Plaintiffs EDWARD BUCKALEW, Executor of the Estate of JEFFREY BUCKALEW, Deceased; EDWARD BUCKALEW, Executor of the Estate of CORINNE BUCKALEW, Deceased; EDWARD BUCKALEW, as Administrator of the Estate of JACKSON BUCKALEW, Deceased, and EDWARD BUCKALEW, as Administrator of the Estate of MERIWETHER BUCKALEW, Deceased*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of March 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.

/s/ Glen H. Waldman
Glen H. Waldman
